■ In the Matter of FELIN ASSOCIATES, INC., et al., Respondents, v. BENJAMIN ALTMAN, as Commissioner, Office of Rent Control, Department of Rent and Housing Maintenance, Housing and Development Administration, Appellant.— Judgment, Supreme Court, New York County, entered on July 28, 1972, which vacated the determination of the respondent Commissioner, unanimously reversed, on the law, the determination reinstated and the petition dismissed. Appellant shall recover of petitioners-respondents $60 costs and disbursements of this appeal. The petitioners are the landlords and a managing agent of rent-controlled premises. The order of the respondent Commissioner had found that the petitioners had conducted "willful and unlawful harassment of the tenants" in particular buildings maintained by the petitioners. The acts of harassment found included failure to supply regular and adequate heat and hot water, failure to make proper plumbing and electric repairs and failure to clean, light and secure the public hallways and entrances. It was conceded that these landlords were seeking to assemble a plot for future development which included the site of the buildings in question. A civil penalty of $1,000 for each of 12 violations was imposed. The petitioners then instituted an article 78 proceeding to review this determination. The petitioners' first challenge was that the evidence elicited did not support a finding of any violations. Special Term found, and this court agrees, that the evidence fairly supported the findings and that the penalties imposed were not excessive under the circumstances. Special Term, however, further found that petitioners were deprived of a fair hearing because the immediate superior of both the prosecuting attorney and the hearing examiner appeared at the hearing. The supervisor made no statements on the record and merely privately advised the prosecuting attorney. The combining of the functions of prosecutor and fact-finder in different members of the same administrative agency is not prima facie violative of due process (*Friedman* v. *State of New York*, 24 N Y 2d 528, 541–544; cf. 1 N. Y. Jur., Administrative Law, §§ 38, 39). There was no factual showing in the case at bar that there was a denial of a fair hearing. To the contrary, the determination was based on fact and the penalty was proper. Concur — Nunez, J. P., Murphy, Lane and Tilzer, JJ.

■ In the Matter of BENJAMIN GOLDSTEIN, an Attorney.— Respondent reinstated as an attorney and counselor at law in the State of New York. Concur — Stevens, P. J., Markewich, Kupferman, Lane and Tilzer, JJ.