STATE OF NEW YORK, Respondent, v. JAMES A. WINDER, Individually and Doing Business as DIVORCE YOURSELF, DO IT YOURSELF DIVORCE KITS and DIVORCE AID SERVICE ENTERPRISES, Appellant.— Judgment unanimously modified, on the law and facts, in accordance with Memorandum and, as modified, affirmed, without costs. Memorandum: The Divorce Yourself Kit offered for sale by defendant, a layman, purports to offer forms and instructions in law and procedure in certain areas of matrimonial law and the judicial process. In *Matter of New York County Lawyers' Assn.* v. *Dacey* (28 A D 2d 161, revd. on the dissenting opinion in the Appellate Division, 21 N Y 2d 694) the court dealt with the publishing of a book "How to Avoid Probate!" consisting of 55 pages of text and 310 pages of forms. In the dissenting opinion adopted by the Court of Appeals, Justice Stevens, analyzing the pertinent rules of law, stated at page 173: "It cannot be claimed that the publication of a legal text which purports to say what the law is amounts to legal practice. And the mere fact that the principles or rules stated in the text may be accepted by a particular reader as a solution to his problem does not affect this.   *   *   * Apparently it is urged that the conjoining of these two, that is, the text and the forms, with advice as to how the forms should be filled out, constitutes the unlawful practice of law. But that is the situation with many approved and accepted texts. Dacey's book is sold to the public at large. There is no personal contact or relationship with a particular individual, nor does there exist that relation of confidence and trust so necessary to the status of attorney and client. This is the essential of legal practice — the representation and the advising of a particular person in a particular situation.   *   *   * At most the book assumes to offer general advice on common problems, and does not purport to give personal advice on a specific problem peculiar to a designated or readily identified person." Similarly the defendant's publication does not purport " to give personal advice on a specific problem peculiar to a designated or readily identified person ", and because of the absence of the essential element of " legal practice — the representation and the advising of a particular person in a particular situation" in the publication and sale of the kits, such publication and sale did not constitute the unlawful practice of law in violation of section 478 of the Judiciary Law and was improperly enjoined by paragraph I of the judgment appealed from. There being no legal impediment under the statute to the sale of the kit, there was no proper

basis for the injunction in paragraph G against defendant maintaining an office for the purpose of selling to persons seeking a divorce, separation, annulment or separation agreement any printed material or writings relating to matrimonial law or the prohibition in the memorandum of modification of the judgment against defendant having an interest in any publishing house publishing his manuscript on divorce and against his having any personal contact with any prospective purchaser. The record does fully support, however, the finding of the court that for the charge of $75 or $100 for the kit, the defendant gave legal advice in the course of personal contacts concerning particular problems which might arise in the preparation and presentation of the purchaser's asserted matrimonial cause of action or pursuit of other legal remedies and assistance in the preparation of necessary documents. The ordering paragraphs of the injunction A through F, H and J all enjoin conduct constituting the practice of law, particularly with reference to the giving of advice and counsel by the defendant relating to specific problems of particular individuals in connection with a divorce, separation, annulment of separation agreement sought and should be affirmed. (Appeal from judgment of Monroe Trial Term enjoining defendant pursuant to section 478 of the Judiciary Law.) Present — Del Vecchio, J. P., Marsh, Moule, Cardamone and Simons, JJ.