DEMOTHENES JACOX, Plaintiff, v. ANNIE JACOX, Respondent. FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK, Appellant. FELIX MARTINEZ, Plaintiff, v. ROSAURA MARTINEZ, Respondent. FINANCE ADMINISTRATOR OF

THE CITY OF NEW YORK, Appellant. NORBERT VANDERPOOL, Plaintiff, v. BEULAH VANDERPOOL, Respondent. FINANCE ADMINISTRATOR OF THE CITY OF NEW YORK, Appellant.— In each of three divorce actions, the City of New York appeals, as limited by its briefs, from a portion of three separate orders one in each action, of the Supreme Court, Kings County, all dated July 25, 1973, each of which orders granted a motion, by the defendant in the action in which the order was made, for leave to proceed as a poor person and for assignment of counsel. The orders did not designate specific counsel. The portion of the orders as to which the appeal is pressed is that which directs appellant to furnish counsel within a stated time and further directs that, should appellant fail to do so, defendant may retain counsel and the latter's fee shall be fixed by the trial court and paid by appellant. Orders reversed insofar as appealed from, without costs, and motions remitted to Special Term for further disposition in accordance with the views expressed herein. Under CPLR 1102 the court may, in its order permitting a person to proceed as a poor person, assign an attorney. Further, in view of the State's interest and the rights and relationships involved, the court should, on a proper showing of necessity and indigency, assign counsel to represent a defendant in a matrimonial action. It does not follow, however, that the court can require a municipality to pay the fee of counsel assigned to an indigent party in such an action or, a fortiori, the fee of counsel selected personally by the indigent. There is neither constitutional nor statutory authority for such a direction. There is statutory authority (1) for directing payment of compensation and reimbursement for expenses of counsel assigned to represent persons accused of crime (County Law, art. 18–B), (2) for directing the same as to counsel assigned to indigents who bring on habeas corpus proceedings (Judiciary Law, § 35), (3) for providing for payment of the services of law guardians appointed for minors in Family Court neglect and juvenile delinquency proceedings (Family Ct. Act, §§ 245, 248) and (4) for the assignment and compensation of counsel in certain specified Family Court matters (see Family Ct. Act, §§ 621, 831, 1043; [Laws of 1973, ch. 615]; see, also, County Law, §§ 722, 722-b), but there is no authority for what Special Term did in the cases before us. Absent statutory authority for the payment of assigned counsel in matrimonial actions and the appropriation of funds to implement such authority, counsel must be provided by the Bar through the personal obligation of its members, traditionally recognized, to willingly accept assignments made by the Bench and to help those who cannot afford financially to help themselves. Special Term should make such assignments. Hopkins, Acting P. J., Munder, Martuscello, Shapiro and Gulotta, JJ., concur.