JAMES S. SMILEY, SR., Plaintiff, v. RHONDA L. T. SMILEY, Respondent, and COUNTY OF TOMPKINS, Appellant. (Action No. 1.) BETTY MONROE, Respondent, v. EDWARD F. MONROE, Defendant, and COUNTY OF TOMPKINS, Appellant. (Action No. 2.) — Appeal from so much of an order of the Supreme Court at Special Term, entered November 15, 1973 in Tompkins County, as requires the County of Tompkins to provide counsel or, in the alternative, to pay the counsel fees of the defendant in Action No. 1 and the plaintiff in Action No. 2. The essential facts are not in dispute. The petitioners are parties to separate matrimonial actions. They are indigent and were initially represented by the Cornell Legal Aid. It developed that there were certain conflicts of interest between petitioners as clients and Cornell Legal Aid, and the latter withdrew from the cases. The instant motion was then brought seeking an order permitting petitioners to proceed as poor persons and assigning attorneys to represent each, and further providing that the attorneys be compensated by the County of Tompkins. Special Term granted the motion and this appeal ensued. Appellant objects only to that portion of the order which directs it to compensate the attorneys. It has been clearly established that an indigent party to a matrimonial action is entitled to assigned counsel. (*Brounsky* v. *Brounsky*, 33 A D 2d 1028; *Emerson* v. *Emerson*, 33 A D 2d 1022.) It is equally well established that in the absence of specific legislative authority, a court lacks the power to direct payment by the State or a local governing unit for services rendered by assigned counsel to a party in a civil lawsuit. (*Matter of Sullivan* [*Alesi*], 297 N. Y. 190, 195–196.) A notable exception exists, however, where the court is constitutionally mandated to assign counsel (see *Deason* v. *Deason*, 32 N Y 2d 93). Our precise issue has recently been considered by the courts, and it has been determined that there is no obligation on the part of the local governmental unit to compensate assigned counsel in matrimonial actions. (*Jacox* v. *Jacox*, 43 A D 2d 716; *Matter of Bartlett* v. *Kitchin*, 76 Misc 2d 1087.) We agree with this conclusion. Special Term, therefore, must be reversed. Order reversed, on the law and the facts, without costs. Herlihy, P. J., Greenblott, Sweeney, Main and Reynolds, JJ., concur.