Louis B. Heller, J.
In this matrimonial action defendant-respondent moves to proceed as a poor person and to have counsel assigned to represent him, and if the motion is granted to extend the time for defendant’s counsel to appear until 20 days after the entry of the order hereon.
Defendant has made a sufficient showing to proceed as a poor person. However, there is no obligation on the part of local government to compensate assigned counsel in matrimonial actions. (Jacox v Jacox, 43 AD2d 716; Smiley v Smiley, 45 AD2d 785.)
Absent statutory authority for the payment of assigned counsel in matrimonial actions and the appropriation of funds to implement such authority, the court hereby appoints Joseph A. D’Addario, Esq., 291 Broadway, New York, New York, 10007 to represent defendant to serve without compensation.
Though the court is constrained to follow the lead of the Jacox and Smiley cases (supra), it is cognizant and mindful of the harsh economic burden placed upon the attorneys on the panel asked to serve without compensation. Under present conditions, such an assignment seems inequitable and unconcionable. By the same token, the court is ever grateful for the splendid co-operation shown by the members of the Brooklyn Bar Association and others in this endeavor. However, the court recommends that an appropriate committee of the bar association direct the Legislature’s attention to the problem presented. I am certain that after a study of the problem in all its ramifications, the Legislature will provide an adequate remedy through enabling legislation to insure the protection of the indigent and compensation for co-operating attorneys in these cases.
Accordingly, the motion to proceed as a poor person is granted. The motion to have counsel assigned is granted to the extent indicated herein with leave to extend said attor *727 ney’s time to appear until 20 days after the entry of the order to be entered hereon.