■ In the Matter of CHARLES E. SIGETY et al., Respondents, v NATHAN LEVENTHAL, as Deputy Administrator/Commissioner of the Department of Rent and Housing Maintenance of the City of New York, et al., Appellants. —Judgment, Supreme Court, New York County, entered on May 21, 1974, granting the petition brought pursuant to CPLR Article 78, reversed, on the law, and vacated and respondents' determination, finding petitioners guilty of harassment and imposing civil fines therefor, reinstated, without costs and without disbursements. Without considering the presumption arising from subdivision c of section 74 of the Rent, Eviction, and Rehabilitation Regulations there is substantial evidence in the record of the hearings before the respondents-appellants to support the harassment determination. We have noted the statement of the petitioners-respondents that the respondents-appellants did not find Torregrosso guilty. While not dispositive, it is noteworthy that Torregrosso had already been found guilty of harassment in a previous proceeding. In any event, the disposition of the Torregrosso charges has no relevancy to the findings of the Commissioner insofar as the charges against petitioners-respondents are concerned. Concur—Lupiano, Capozzoli and Lane, JJ.; Kupferman, J. P., dissents in part in a memorandum, and Murphy, J., dissents in a memorandum, as follows: Kupferman, J. (dissenting in part). The determination by the respondents finding petitioners guilty of harassment, at the same time dismissed the proceeding against the previous landlord Torregrosso on the ground that "the evidence offered * * * fails to establish intent on his part to violate Section Y51-10.0 of the City Rent Law." The latter is the "harassment" ordinance. (See *Matter of Felin Assoc. v Altman,* 41 AD2d 825, affd without opn 34 NY2d 895.) Inasmuch as the situation with regard to the problems in these very old buildings resulted from serious prior neglect, the only conclusion that can be reached from the inconsistent determinations which find against the present landlord but dismiss against the former landlord, is that the presumption is invoked against the present landlord because he has made it clear that he intends to demolish the buildings. We are, therefore, in this quasi-criminal proceeding confronted with the validity of subdivision b of section 74 of the Rent, Eviction and Rehabilitation Regulations which raises the presumption. As the Court of Appeals has just recently stated: "A statutory presumption is a deduction or an inference which the trier of fact may draw from facts found or otherwise established during the course of the trial (see *Tot v. United States, supra* [319 U.S. 463]; *People v. Cannon,* 139 N.Y. 32, 43; *People v. Hilderbrand,* 308 N.Y. 397)." *(People v Leyva,* 38 NY2d 160, n 3.) When, however, as here, the determinations are in conflict solely because of the statutory presumption, it becomes a distinct question whether the classification was rational. (See *Weinberger v Salfi,* 422 US 749, 772; The Supreme Court, 1974 Term, 89 Harv L Rev 1, 77 on Irrebuttable Presumptions.) Under the circumstances, serious questions as to due process are raised (cf. *Mullaney v Wilbur,* 421 US 684), and the matter should be remanded to the respondents for further consideration. Murphy, J. (dissenting). I would affirm, but only for the reason that there was no substantial evidence to support the administrative finding of harassment. Petitioner Sigety concededly acquired the buildings in issue with the intention of demolishing some of them for the purpose of building a geriatric center and

public housing on the site; with the remaining buildings to be utilized as a relocation resource for those tenants still living in the buildings to be demolished. When acquired by Sigety the 70-to-80-year-old buildings were in a severely decrepit condition, resulting from serious prior neglect. Sigety's disclosed plans for the parcel met sustained local opposition and a host of harassment complaints were thereafter filed. Most of these related to pre-existing conditions. Nevertheless, Sigety made substantial bona fide efforts to maintain the premises and expended over $100,000 for repairs. The absence of proof that the petitioners engaged in a course of conduct to interrupt or discontinue essential services in order to cause a tenant to vacate, is highlighted by the finding of harassment relating to buildings that had been empty for over a year, had only one or two tenants and where there was no testimony from any tenant. Accordingly, Special Term properly set aside the unsupported administrative conclusion. In light of the foregoing, I find it unnecessary to reach the issue of whether or not the presumption contained in subdivision b of section 74 of the Rent, Eviction and Rehabilitation Regulations is unconstitutional or exceeds the authority granted the city by the State.