■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v FERNANDO TORRES, Appellant.—Judgment, Supreme Court, Bronx County, rendered on January 15, 1975, affirmed. Concur—Kupferman, J. P., Lupiano and Nunez, JJ.; except Murphy and Silverman, JJ., dissent in the following memorandum by Silverman, J.: I agree with the Trial Judge that there was no probable cause for the police officer to believe that the defendant was committing a crime or other probable cause for a search of the closed cardboard box which as it turned out contained weapons. However, in my view, the evidence does not support the finding of the Trial Judge that the defendant had abandoned the cardboard box when he laid it down and walked 10 feet away to talk to some people. Nor does the evidence justify a finding that the police officer believed that the cardboard box was abandoned, if that be material. Accordingly, I would reverse the judgment appealed from, grant the motion to suppress the weapons so seized and dismiss the indictment.

■ INVESTORS FUNDING CORPORATION OF NEW YORK et al., Respondents, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Appellant.—Judgment, Supreme Court, New York County, entered on December 23, 1975, affirmed, without costs and without disbursements, for the reasons stated at Special Term. Concur—Murphy, J. P., Lupiano, Birns and Nunez, JJ.; Silverman, J., dissents in the following memorandum: I am unable to say that the order of the Commissioner of the Department of Rent and Housing Maintenance was not supported by substantial evidence, much less that there was no rational basis for the order, or that it was arbitrary or capricious. *(Matter of Felin Assoc. v Altman,* 41 AD2d 825, affd 34 NY2d 895; *Matter of Colton v Berman,* 21 NY2d 322, 329.) Accordingly, the judgment appealed from should be reversed and the petition dismissed.