EQUITY INVESTMENTS et al., Appellants, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Office of Rent Control of the Housing and Development Administration of the City of New York, Respondent.—Judgment, Supreme Court, New York County, entered on April 21, 1976, dismissing this article 78 proceeding to reverse a determination by the city rent agency upholding findings that appellants willfully violated the Administrative Code, unanimously affirmed, with $60 costs and disbursements to respondent, for the reasons stated in the opinion of the court at Special Term. (See, also, *Matter of Sigety v Leventhal,* 50 AD2d 789.) Concur—Kupferman, J. P., Birns, Capozzoli, Lane and Lynch, JJ.

In the Matter of BOARD OF EDUCATION OF THE CITY SCHOOL DISTRICT OF THE CITY OF NEW YORK, Appellant, v CITY OF NEW YORK et al., Respondents.—Judgment, Supreme Court, New York County, entered August 24, 1976, dismissing the petition, unanimously affirmed, without costs or disbursements. The petitioner, Board of Education of the City of New York, instituted a proceeding to compel the respondent, City of New York, to make appropriations to the Board of Education as allegedly mandated by what is popularly known as the Stavisky-Goodman Law (L 1976, ch 132). That purported amendment to Education Law (§ 2576) mandated that the City of New York appropriate funds for public and secondary education at least in "an amount equal to the average proportion of the total expense budget of such city, as amended, appropriated for the purposes of the city school district of such city in the three fiscal years of such city immediately preceding the [current] year". The bill was passed by the State Legislature but was vetoed by the Governor on March 18, 1976 and returned to the State Assembly. The Assembly on March 31 overrode the veto. The State Senate reconsidered the vetoed bill on April 8 but failed to override the veto by the requisite two-thirds majority (NY Const, art IV, § 7). After the announcement by the Lieutenant Governor that the veto of the Governor was sustained, the Senate majority leader moved to reconsider the Senate vote. The motion for reconsideration allegedly passed and the bill was tabled. On April 13, a new vote was taken and the motion to override then carried by the requisite two-thirds majority. Special Term found that our State Constitution is "virtually identical" to the United States constitutional provision regarding passage of a bill over a veto (cf. NY Const, art IV, § 7, with US Const, art I, § 7), and that reconsideration must be limited to only one review (see, e.g., Cannon's Procedure in House of Representatives, p 417). Special Term further noted that the New York Senate rules also only permit reconsideration of a bill but once. The tabling and second reconsideration of the bill by the Senate was therefore a nullity. We accordingly agree with the conclusion of Special Term that the Governor's veto was never legally overridden and therefore the purported amendment never became law. Under the circumstances, we deem it unnecessary to treat with the further arguments raised on this appeal. Concur—Stevens, P. J., Markewich, Lane, Nunez and Lynch, JJ. [88 Misc 2d 179.]