■ MARGARET FARRELL, Respondent, v FRANCIS FARRELL, Appellant.— Order, Supreme Court, Bronx County, entered July 6, 1976, unanimously modified, in the interest of justice and exercise of discretion, to vacate that portion thereof which denied defendant-appellant's application for assignment of counsel to defend plaintiff-respondent's suit for divorce and to remand with a direction that Special Term so appoint counsel without fee, and otherwise affirmed, without costs and without disbursements. The application was to open defendant husband's default, to allow him to proceed as a poor person, and to assign counsel whose fee would come from public funds. There is no constitutional right to the latter aspect (see *Smiley v Smiley,* 45 AD2d 785) relied on by Special Term. However, defendant has established indigency beyond doubt, and, "in the circumstances, counsel should have been assigned in accordance with the Bar's traditional responsibility 'to willingly accept assignments * * * to help those who cannot afford financially to help themselves.' *Jacox v Jacox,* 43 AD2d 716." *(Yearwood v Yearwood,* 54 AD2d 626). The Legal Aid Society, which represents defendant-appellant on this appeal, is not able in the current financial stringency, to accept assignment of an unlimited number of cases of this kind without compensation, and it becomes necessary for the Bar, as of old, to fulfill its longtime duty. (See, in this regard, 100th Ann Report, Legal Aid Society, 1975–1976, and discussion in XXII NY Law School L Rev, Justice for the Poor, pp 96–98, The Problem in Divorce Litigation.) Concur—Stevens, P. J., Markewich, Kupferman, Birns and Capozzoli, JJ.

■ ,In the Matter of THIRLEX REALTY INC., et al., Respondents, v LEONARD E. YOSWEIN, as Commissioner of the Department of Rent and Housing Maintenance of the City of New York, et al., Appellants.—Judgment, Supreme Court, New York County, entered on May 12, 1975, granting petitioners' article 78 application to the extent of vacating certain findings of harassment and reducing the civil penalties imposed, unanimously modified, on the law, by reinstating appellants' determination in its entirety and dismissing the petition herein, and, as so modified, the judgment is affirmed, without costs and without disbursements. The charges of harassment are amply supported by substantial evidence in the record and, hence, the administrative findings with respect thereto and the penalties imposed, which were not excessive, should not have been disturbed by Special Term *(Matter of Breger v Macri,* 34 NY2d 727; *Matter of Sigety v Leventhal,* 50 AD2d 789; see, also, *Matter of Felin Assoc. v Altman,* 41 AD2d 825, affd 34 NY2d 895). Concur—Murphy, J. P., Lupiano, Silverman, Capozzoli and Nunez, JJ.