■ EQUITY INVESTMENTS et al., Appellants, v DANIEL W. JOY, as Commissioner of the Department of Rent and Housing Maintenance, Office of Rent Control of the Housing and Building Administration of the City of

New York, Respondent.—Judgment, Supreme Court, New York County, entered September 14, 1976, denying and dismissing petition in an article 78 proceeding, is unanimously modified, on the law, so as to annul the $500 penalty imposed under item (c) of respondent commissioner's order in case II relating to the apartment of tenant Riegelhaupt, and otherwise affirmed, without costs and without disbursements. Order, Supreme Court, New York County, entered March 4, 1977, denying appellants' motion to modify the judgment to the extent of deleting from bill of costs the moneys expended by respondent for transcription of the tape recordings of the administrative hearings, is unanimously affirmed, without costs and without disbursements. In the present case, the respondent, Rent Commissioner of the City of New York, after hearing, found appellants, landlord and the principals of the landlord, guilty of harassment of two tenants and imposed civil fines because of such harassment. One of the findings of harassment for which a $500 fine was imposed was the bringing of an unsuccessful summary dispossess proceeding in the Civil Court of the City of New York which the rent commissioner believed to be groundless. We think this action of the commissioner was an impermissible interference with the right of the landlord to apply to a court of relief. This is not a case of repeated groundless eviction proceedings or of proceedings begun without the intention of carrying them through to judgment. Accordingly, we annul so much of the findings of harassment as related to the bringing of this eviction proceeding and the $500 fine allocated to that element of alleged harassment. In all other respects, we affirm the judgment in the proceeding. With the exception above mentioned, the commissioner's action has not been demonstrated to be arbitrary, or capricious, or irrational, or without substantial evidence in support of it, or contrary to law. The power of respondent rent commissioner to impose civil fines on landlords as a penalty for harassment of tenants has a statutory basis. (Administrative Code of City of New York, § Y51-11.0, subd b, par [2], cl [a]; L 1962, ch 21, § 1, par 5, as amd.) This power has been implicitly recognized by the appellate courts. *(Matter of Felin Assoc. v Altman,* 34 NY2d 895, affg 41 AD2d 825; *Matter of Breger v Macri,* 34 NY2d 727.) We agree with Special Term that the expense of transcription of the tapes of the administrative hearings was necessarily incurred in connection with the article 78 proceeding and was thus a taxable item of disbursements. (CPLR 8301; L 1962, ch 21, § 1, par 8, as amd; Administrative Code, § Y51-9.0, subd a, par [1].) Concur—Murphy, P. J., Lupiano, Silverman, Lane and Yesawich, JJ.