OPINION OF THE COURT
Sidney Leviss, J.
In this action brought pursuant to subdivision 12 of section 63 of the Executive Law and sections 476-a and 476-b of the Judiciary Law, plaintiff seeks a permanent injunction restraining defendants from the unauthorized practice of law. Plaintiff alleges that defendants give legal advice to customers of so-called "divorce kits”. By order of this court dated April 18, 1978 defendants’ answer was stricken for failure to disclose. Plaintiff now moves without opposition for judgment.
From the complaint and supporting affidavits it appears that defendants go beyond the mere selling of divorce kits to the public and in fact aid in the selection and preparation of the forms by giving legal advice. An investigator from plain *341 tiffs office posed as a potential customer of a divorce kit and visited the premises of defendants in Queens. After listening to the investigator’s marital problems, defendant Wolfe, an employee of the corporate defendants, helped him select the proper grounds for divorce under section 170 of the Domestic Relations Law, and advised him, inadequately, on the meaning of cruel and inhuman treatment. In response to the investigator’s questions, defendant Wolfe further advised him about his obligation to pay alimony and about his obligation to pay debts contracted during marriage. Defendant Wolfe offered to type and file the papers for the investigator for an additional fee.
At defendants’ Nassau-Suffolk office, defendant Jean Marie, who manages that office, also advised the investigator about the grounds for divorce, his liability for marital debts, and the probability of his having to pay alimony in light of the particular circumstances of the marital parties. Defendant Jean Marie advised and induced the investigator to "makeup” a third marital fight which she believed was needed to establish cruel and inhuman treatment.
Another investigator went to defendants’ Queens office, where she met with defendant Wolfe. After listening to the investigator describe her marital circumstances, defendant Wolfe advised her to seek a divorce on the ground of cruel and inhuman treatment. He advised her that she would need three incidents involving physical or mental mistreatment. He urged the investigator to return to him so that he might review the papers for errors. When the investigator returned to the office a few days later saying that she was confused, defendant Kay, an employee of the corporate defendants, for a further fee, drew the papers including the paragraph of the complaint alleging cruel and inhuman treatment. In sum, the facts as alleged by the affidavits of the two investigators show that the defendants are not merely engaged in the sale of a book of forms to the public, which plaintiff admits is proper in itself, but in also giving specific legal advice to individuals.
In Matter of New York County Lawyers’ Assn. v Dacey (21 NY2d 694) the Court of Appeals reversed an injunction against the sale of forms on the dissenting opinion of Justice Stevens (Matter of New York County Lawyers’ Assn. v Dacey, 28 AD2d 161, 171). Justice Stevens drew a distinction between the practice of law and the mere sale of a book of forms, stating (p 174): "Dacey’s book is sold to the public at *342 large. There is no personal contact or relationship with a particular individual, nor does there exist that relation of confidence and trust so necessary to the status of attorney and client. This is the essential of legal practice — the representation and advising of a particular person in a particular situation. ” (Emphasis added.)
In State of New York v Winder (42 AD2d 1039), the Appellate Division, Fourth Department, held that the publication and sale of divorce kits similar to those sold by defendants herein did not constitute the unlawful practice of law because the publication itself did not give personal advice on specific problems to individuals. The court quoted the distinction drawn by Justice Stevens in Matter of New York County Lawyers’ Assn, v Dacey and found that selling the kit did not constitute the advising of a particular person in a particular situation (State of New York v Winder, supra). However, the Appellate Division found that defendants went beyond the mere selling of the kit and gave legal advice to individuals concerning particular problems which might arise in the preparation and presentation of the documents. Therefore, the court upheld that part of the injunction directed against those practices. (State of New York v Winder, supra, p 1040.)
In the case at bar, defendants’ actions constituted the unlawful practice of law. (Judiciary Law, § 476-a et seq.; Matter of New York County Lawyers’ Assn, v Dacey, supra; State of New York v Winder, supra.) Specific advice, often erroneous and inadequate, was given to particular individuals in light of their particular circumstances. Defendants advised individuals on the choice of grounds for divorce, on the disposition of jointly owned property, on the legality of alimony arrangements, on responsibility for marital debts, and on the drawing of legal papers.
Rules for the admission of practice to law, rules regulating the conduct of the bar, and laws against the unauthorized practice of law were enacted to protect the public from ignorance, inexperience, and unscrupulousness. (People v Alfani, 227 NY 334.) Defendants’ conduct makes it apparent that the rationale underlying these rules is very sound. Defendants not only attempt to give legal advice in a sensitive area of the law, where the interests of spouses and children are at stake, but they also give out erroneous information and counsel perjury. One example of this occurred when defendant Jean Marie encouraged the investigator to perjure himself about a *343 third fight supposedly needed to establish cruel and inhuman treatment. Other incomplete or erroneous advice given by defendants and relating, for example, to the husband’s obligation to pay alimony and his responsibility for marital debts convinces the court that the injunction sought by the plaintiff is needed for the protection of the public.
Accordingly, the court grants the injunction sought by plaintiff insofar as the plaintiff seeks to enjoin defendants from the unauthorized practice of law by:
(1) giving legal advice to customers about their marital problems;
(2) giving legal advice to customers by selecting for them proper forms on the basis of their individual circumstances; and
(3) giving legal advice by aiding and assisting individual customers in filling out legal forms.
The court must deny that part of the complaint which seeks to enjoin defendants from personally selling the kits. (New York County Lawyers’ Assn, v Dacey, 21 NY2d 694, supra.) Sale of forms, even face-to-face without the giving of legal advice, is not subject to injunction. (State of New York v Winder, 42 AD2d 1039, supra.)
Plaintiff’s application under CPLR 8303 (subd [a], par 6) for a discretionary allowance in the sum of $2,000 is also grantéd.