■ ALFREDO MEDINA, Respondent, v ELIZABETH MEDINA, Appellant. — Order, Supreme Court, Bronx County (Wallace R. Cotton, J.), entered January 27, 1984, vacating defendant's default and granting her leave to serve an answer but denying her request for the appointment of an attorney to represent her, unanimously modified, on the law, in the interest of justice and exercise of discretion, to vacate that portion of the order denying the application for assignment of counsel and to remand to Special Term, Bronx County, with a direction to appoint counsel to represent defendant-appellant wife in the divorce action without fee, and otherwise affirmed, without costs or disbursements. The appointment of counsel shall be without prejudice to any application in the matrimonial action for an award of counsel fees to be paid by the husband.

Appellant's indigency is clearly established on this record, sufficient to conclude that she is a "poor person" (CPLR 1101 [a]). CPLR 1102 (a) authorizes the assignment of counsel where leave has been granted to proceed as a poor person. The courts have "broad discretionary power to assign counsel without compensation in a proper case" (*Matter of Smiley,* 36 NY2d 433, 441) and, in the exercise of discretion, counsel has been assigned to represent indigent parties in matrimonial actions (*see, Jacox v Jacox,* 43 AD2d 716; *Yearwood v Yearwood,* 54 AD2d 626; *Farrell v Farrell,* 55 AD2d 586).

As applied here, despite respondent's claim that there was no showing of indigency, appellant's affidavit stated that she was a recipient of public assistance and that her only source of income was a semimonthly grant from the Department of Social Services of $190.40, as Aid to Families with Dependent Children. She has no assets, savings or real or personal property. It is alleged that the husband, who left the marital abode, has provided no support for appellant or her two children although he is self-employed in his own business. While appellant did receive the assistance of Legal Aid in perfecting the appeal, she was advised that no further assistance could be offered because of Legal Aid's existing caseload and lack of resources. She was also informed by Bronx Legal Services that it did not handle divorce cases.

In our view, the denial of the application was an improvident exercise of discretion. "In the circumstances, counsel should have been assigned in accordance with the Bar's traditional responsibility 'to willingly accept assignments * * * to help those who cannot afford financially to help themselves.' (*Jacox v Jacox,* 43 AD2d 716, 717.)" (*Yearwood v Yearwood,* 54 AD2d 626, *supra.*) Concur — Sandler, J. P., Carro, Bloom and Kassal, JJ.