OPINION OF THE COURT
Edward H. Lehner, J.
The wisdom of the old adage "penny wise, but pound foolish” is again demonstrated by the controversy presented on the motion and cross motion before the court. Here persons of some means handled their divorce through the purchase of a $45 "do-it-yourself’ kit. The following demonstrates that they got what they paid for and are now paying for what they got.
The parties were married in 1947 and separated in April 1981. Apparently they owned substantial assets, including a house in Brooklyn, a sewing machine repair business and a two-thirds interest in a commercial building on Broadway, as well as a significant amount of stock.
According to the affirmation of the plaintiff wife’s attorney, the parties each eschewed the advice of legal counsel and agreed, as an alternative, to purchase a "divorce kit” from one of the local purveyors of this convenience. They then proceeded to negotiate and draft their own property distribution agreement, disposing of their respective ownership interests in the aforementioned assets and providing for a guaranteed *828 monthly income for the wife. The agreement was taken for review to the family accountant and modified based upon his advice. The forms from the "kit” were completed by an employee of the seller thereof, executed by the parties, and a judgment of divorce was granted to the wife on March 4, 1983.
In the motion before the court, the wife is seeking enforcement of a paragraph of the agreement whereby the husband agreed to relinquish his interest in the marital home. He has refused her request that he execute an appropriate deed. The husband, dissatisfied with the property distribution under the agreement, asks the court to direct discovery of the relative financial circumstances of the parties, and seeks a postjudgment "equitable distribution”.
The circumstances of this case preclude this court from relieving either of the parties from the unhappy situation in which they find themselves.
These parties are distinct, in that, unlike most pro se uncontested divorce litigants, they are apparently people of means, and certainly not so indigent as to claim the inability to pay a lawyer’s reasonable fees. (See, Medina v Medina, 109 AD2d 691.) One can only speculate as to their reasons for shunning professional help.
The crucial error made in the handling of the divorce is that neither the aforementioned agreement, nor any of its terms, were incorporated into the divorce judgment. The result of this omission is that the agreement is not capable of summary enforcement under any of the provisions of the Domestic Relations Law, but rather requires the more expensive route of a separate plenary action. Therefore, the court must deny the following requested relief:
1) the branch of the wife’s motion for enforcement of the separation agreement;
2) the branch of the wife’s motion seeking the posting of security under Domestic Relations Law § 243 (the predicate for relief under said section is an outstanding court order providing for maintenance);
3) the branch of the wife’s motion requesting counsel fees (there being no agreement which may now be summarily enforced, Domestic Relations Law § 238 is inapplicable; and plaintiff has not set forth a ground under Domestic Relations Law § 237 for the payment of fees);
4) the branch of defendant’s cross motion for an order pursuant to Domestic Relations Law § 236 (B) for equitable *829 distribution (there is no jurisdiction to grant such a distribution subsequent to the entry of a final judgment of divorce— see, Domestic Relations Law § 236 [B] [5]);
5) the branch of defendant’s cross motion for distribution of property pursuant to Domestic Relations Law § 234 (a direction pursuant to said section may be made only in the context of a pending marital action, and not after a judgment of divorce has been entered); and
6) the branch of defendant’s cross motion demanding that the parties exchange net worth statements (this relief may only be granted in a pending marital action in which alimony, maintenance or support is in issue — see, Domestic Relations Law § 236 [B] [2], [4]).
The foregoing denials are without prejudice to the institution of a plenary action by plaintiff to obtain enforcement of the separation agreement, or by defendant to seek rescission and/or recovery or partition of the real property.
In relation to the foregoing, the undersigned, during the month he presided in the matrimonial part, observed that approximately 20 neatly typed pro se applications for uncontested divorces were submitted for signature, all notarized by the same individual. From this it was evident that some person or firm had been consulted and had prepared all of such applications. This raises the question as to whether some person or persons are unlawfully practicing law in violation of Judiciary Law § 478.
The court wholeheartedly believes that people of limited means should be able to obtain inexpensive divorces. The court’s own investigation has indicated that one of these "divorce kit” firms now charges approximately $225 to prepare the forms and file them in court. This amount is not much different from that which some lawyers advertise for the handling of uncontested divorces.
The essence of the practice of law has been said to be "the representation and the advising of a particular person in a particular situation”. (Matter of New York County Lawyers’ Assn. v Dacey, 28 AD2d 161, 174 [Stevens, J., dissenting], revd on dissenting opn 21 NY2d 694.) In State of New York v Winder (42 AD2d 1039) and People v Divorce Associated & Pub. (95 Misc 2d 340), the courts enjoined the sellers of divorce kits from various activity which were found to involve giving legal advice to customers. (See also, Comment, The Unauthorized Practice of Law and Pro Se Divorce, An Empiri *830 cal Analysis, 86 Yale LJ 104; Ann., 12 ALR4th 656, 71 ALR3d 1000.)
In light of the problems that may ensue from having court papers prepared by persons who are not lawyers, as illustrated by the facts in this case, the court would urge the Attorney-General to investigate the activities of the persons who are preparing and filing legal papers in divorce litigation to determine whether they are unlawfully practicing law.