*Yak v. BiggerPockets, L.L.C.*

# UNITED STATES COURT OF APPEALS
# FOR THE SECOND CIRCUIT

## SUMMARY ORDER

**RULINGS BY SUMMARY ORDER DO NOT HAVE PRECEDENTIAL EFFECT. CITATION TO A SUMMARY ORDER FILED ON OR AFTER JANUARY 1, 2007, IS PERMITTED AND IS GOVERNED BY FEDERAL RULE OF APPELLATE PROCEDURE 32.1 AND THIS COURT'S LOCAL RULE 32.1.1. WHEN CITING A SUMMARY ORDER IN A DOCUMENT FILED WITH THIS COURT, A PARTY MUST CITE EITHER THE FEDERAL APPENDIX OR AN ELECTRONIC DATABASE (WITH THE NOTATION "SUMMARY ORDER"). A PARTY CITING A SUMMARY ORDER MUST SERVE A COPY OF IT ON ANY PARTY NOT REPRESENTED BY COUNSEL.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 7th day of January, two thousand twenty-two.

Present:
> DEBRA ANN LIVINGSTON,
> *Chief Judge*,
> SUSAN L. CARNEY,
> JOSEPH F. BIANCO
> *Circuit Judges.*

---

PATRICIA YAK,

*Plaintiff-Appellant*,

v.                                                                          20-3498

BIGGERPOCKETS, L.L.C., CRAIG CURELOP,

*Defendants-Appellees*.

---

| | |
|---|---|
| For Plaintiffs-Appellants: | STEVEN R. FAIRCHILD, Fairchild Law, LLC, Brooklyn, NY. |
| For Defendants-Appellees: | JAY WARD BROWN (Joseph Slaughter, *on the brief*), Ballard Spahr, LLP, New York, NY. |

Appeal from a judgment of the United States District Court for the Southern District of New York (Halpern, *J.*).

**UPON DUE CONSIDERATION, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court is **AFFIRMED**.

Plaintiff-Appellant Patricia Yak appeals from a district court order entered on September 10, 2020 that granted Defendants-Appellees BiggerPockets, L.L.C. ("BP") and Craig Curelop's motion to dismiss Yak's amended complaint under Federal Rule of Civil Procedure 12(b)(2) for lack of personal jurisdiction over Defendants-Appellees or, in the alternative, under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim on which relief can be granted. *See Yak v. BiggerPockets, L.L.C.*, No. 19-cv-05394, 2020 WL 5505351, at *8, *11 (S.D.N.Y. Sept. 10, 2020). On appeal, Yak argues that (1) the district court had jurisdiction over Defendants-Appellees under N.Y. C.P.L.R. § 302(a)(3)(ii); (2) Defendants-Appellees consented to jurisdiction in New York via a forum selection clause in an attorney engagement letter ("Engagement Letter") that Yak prepared; and (3) she adequately pled unjust enrichment, fraudulent concealment, common law fraud, and breach of the implied covenant of good faith and fair dealing. We agree with the district court's determination that it lacked personal jurisdiction over Defendants-Appellees and affirm the judgment of the district court on this basis. We assume the parties' familiarity with the underlying facts, the procedural history of the case, and the issues on appeal.

"We review de novo a district court's decision to dismiss a complaint for lack of personal jurisdiction." *Porina v. Marward Shipping Co.*, 521 F.3d 122, 126 (2d Cir. 2008); *see also Dorchester Fin. Sec., Inc. v. Banco BRJ, S.A.*, 722 F.3d 81, 84 (2d Cir. 2013) (per curiam) (noting that a district court has "considerable procedural leeway" in deciding such a motion and "may determine the motion on the basis of affidavits alone" (internal quotation marks and citation omitted)). The plaintiff bears the burden of establishing the court's personal jurisdiction

2

over the defendant. *Dorchester Fin.*, 722 F.3d at 84. "Prior to trial, however, when a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing." *Seetransport Wiking Trader Schiffarhtsgesellschaft MBH & Co., Kommanditgesellschaft v. Navimpex Centrala Navala*, 989 F.2d 572, 580 (2d Cir. 1993) (quoting *Taylor v. Phelan*, 912 F.2d 429, 431 (10th Cir. 1990) (per curiam)), *as amended* (May 25, 1993). A prima facie showing requires "making legally sufficient allegations of jurisdiction, including an averment of facts that, if credited[,] would suffice to establish jurisdiction over the defendant." *Penguin Grp. (USA) Inc. v. Am. Buddha*, 609 F.3d 30, 35 (2d Cir. 2010) (alteration in original) (internal quotation marks and citation omitted).

"In assessing whether personal jurisdiction is authorized, the court must look first to the long-arm statute of the forum state." *Whitaker v. Am. Telecasting, Inc.*, 261 F.3d 196, 208 (2d Cir. 2001) (internal quotation marks and citation omitted). If the long-arm statute allows for personal jurisdiction, we next consider whether personal jurisdiction comports with due process protections. *Id.* Where the dispute is governed by a "valid and enforceable forum selection clause," and the claim is included within the scope of the clause, we need not conduct a personal jurisdiction analysis because the clause constitutes "'consent to personal jurisdiction.'" *NuMSP, LLC v. St. Etienne*, 462 F. Supp. 3d 330, 342 (S.D.N.Y. 2020) (quoting *Gordian Grp., LLC v. Syringa Expl., Inc.*, 168 F. Supp. 3d 575, 581 (S.D.N.Y. 2016)). On appeal, Yak argues two grounds for personal jurisdiction over Defendants-Appellees: C.P.L.R. § 302(a)(3)(ii) and the Engagement Letter's forum selection clause.

3

## I.        Personal Jurisdiction Under C.P.L.R. § 302(a)(3)(ii)

C.P.L.R. § 302(a)(3)(ii) provides for jurisdiction over an out-of-state defendant who "commits a tortious act without the state causing injury to person or property within the state, . . . if he . . . expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce." A plaintiff is thus required to demonstrate that:

> (1) the defendant's tortious act was committed outside New York, (2) the cause of action arose from that act, (3) the tortious act caused an injury to a person or property in New York, (4) the defendant expected or should reasonably have expected that his or her action would have consequences in New York, and (5) the defendant derives substantial revenue from interstate or international commerce.

*Penguin Grp.*, 609 F.3d at 35 (citing *LaMarca v. Pak-Mor Mfg. Co.*, 95 N.Y.2d 210, 214, 735 N.E.2d 883 (N.Y. 2000)). Yak argues that she adequately pled the first four of these factors.[1] We disagree.

First, Defendants-Appellees' conduct does not constitute tortious activity under New York law. Yak alleges that Defendants-Appellees violated New York Judiciary Law § 478, which prohibits the practice of law in New York by someone who is not an authorized attorney, by holding themselves out as attorneys when reselling a package of real estate forms that she created ("Lease Packet"). The essential element of legal practice is the representation and advising of a client regarding a particular situation. *See, e.g.*, *In re N.Y. Cnty. Laws. Ass'n v. Dacey*, 28 A.D.2d 161, 171–74 (N.Y. App. Div. 1st Dep't 1967) (Stevens, *J.*, dissenting). Conversely, "the publication of a multitude of forms for all manner of legal situations is a

---

[1] The district court assumed that Yak had met the fifth factor and pled sufficient facts to show that Defendants-Appellees derive substantial revenue from international or interstate commerce. *See Yak*, 2020 WL 5505351, at *6. To affirm, we need find that Yak failed to meet only one of the five factors.

commonplace activity," *In re N.Y. Cnty. Laws. Ass'n v. Dacey*, 21 N.Y. 2d 694, 694, 234 N.E.2d 459 (N.Y. 1967) (mem.) (summarizing *Dacey*, 28 A.D.2d 161 (Stevens, *J.*, dissenting)), which does not "purport to give personal advice on a specific problem peculiar to a designated or readily identified person," *State v. Winder*, 42 A.D.2d 1039, 1039 (N.Y. App. Div. 4th Dep't 1973) (quoting *Dacey*, 28 A.D.2d at 174 (Stevens, *J.*, dissenting)). Here, as in *Dacey* and *Winder*, Defendants-Appellees allegedly sold the Lease Packet that Yak prepared to the public at large, without any individualized modifications or personal advice. Their conduct thus did not constitute the unauthorized practice of law and was not a tort in any event.

Yak also fails to plead the second factor. Because Yak fails to identify a tortious act, she "*ipso facto* cannot present an injury arising from that act." *Yak*, 2020 WL 5505351, at *6. The third factor, the situs of injury, is likewise not met. Yak submits that she is a New York resident who suffered financial injury because Defendants-Appellees did not share revenue from the resale of the Lease Packet and "prevented [her] from soliciting customers" who instead purchased the Lease Packet from BP's website. Plaintiff-Appellant's Br. at 10. But we have consistently rejected as insufficient to support personal jurisdiction allegations of "remote or consequential injuries such as lost commercial profits which occur in New York only because the plaintiff is domiciled or doing business here." *Lehigh Valley Indus., Inc. v. Birenbaum*, 527 F.2d 87, 94 (2d Cir. 1975). Finally, the fourth factor is not met because Yak's residence in New York and Defendants-Appellees' operation in all 50 states are insufficient to establish foreseeability of harm in New York. *See Kernan v. Kurz-Hastings, Inc.*, 175 F.3d 236, 241 (2d Cir. 1999) (explaining that "New York courts have asserted that the simple likelihood . . . that a defendant's product will find its way into New York does not satisfy" the test for foreseeability of harm (internal quotation marks and citation omitted)). Because Yak has failed to make a prima facie

5

showing of jurisdiction under § 302(a)(3)(ii), we need not consider whether the exercise of jurisdiction here would comport with due process protections.

## II.        Personal Jurisdiction Under Forum Selection Clause

Yak separately alleges that Defendants-Appellees consented to jurisdiction in New York via a forum selection clause in the Engagement Letter. We once more disagree. The Engagement Letter's choice-of-law and forum selection clauses provide that "[t]his Agreement shall be governed by and construed in accordance with the laws of the State of New York" and that the parties "agree to the jurisdiction of the courts sitting in Westchester County, New York." Plaintiff-Appellant's Br. at 12. "Whether a forum selection clause applies to tort claims depends on whether resolution of the claims relates to interpretation of the contract." *Magi XXI, Inc. v. Stato della Citta del Vaticano*, 714 F.3d 714, 724 (2d Cir. 2013) (internal quotation marks and citation omitted); *see also Krock v. Lipsay*, 97 F.3d 640, 645 (2d Cir. 1996) ("Under New York law, a choice-of-law provision indicating that the *contract* will be governed by a certain body of law does not dispositively determine that law which will govern a claim of *fraud* arising incident to the contract."). Consequently, we have consistently held that forum selection and choice-of-law clauses like the one contained in the Engagement Letter are not broad enough to reach claims that are only incidental to the contractual relationship. *See Fin. One Pub. Co. v. Lehman Bros. Special Fin., Inc.*, 414 F.3d 325, 335 (2d Cir. 2005) (holding that forum selection and choice-of-law provisions were inapplicable to claims where the "right [asserted] does not arise from the contract"); *see also Knieriemen v. Bache Halsey Stuart Shields Inc.*, 427 N.Y.S.2d 10, 12–13 (N.Y. App. Div. 1st Dep't 1980) (finding that plaintiff's claims for fraud, breach of contract, negligence, and churning were not governed by the at-issue choice-of-law clause). Here, Yak brings tort claims that relate not to Defendants-Appellees' violation of the terms of

6

their agreements with Yak, but to Defendants-Appellees' alleged failures to refrain from engaging in the unauthorized practice of law and to adequately compensate her. The Engagement Letter's forum selection clause does not confer personal jurisdiction over Defendants-Appellees for such tort-based claims.[2]

\* \* \*

We have considered Yak's remaining arguments and find them to be without merit. Because we conclude that the district court lacked personal jurisdiction over Defendants-Appellees, we need not consider Yak's challenges to the district court's dismissals under Rule 12(b)(6). Accordingly, we **AFFIRM** the judgment of the district court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk of Court

---

[2] Although Yak attached a copy of the Engagement Letter to her complaint, the version she provided was not countersigned by BP, and the parties dispute whether BP is bound by the Engagement Letter's forum selection clause. Whether parties have reached an enforceable agreement is a question of fact that is determined by reference to the totality of the circumstances. *See Int'l Telemeter Corp. v. Teleprompter Corp.*, 592 F.2d 49, 56 (2d Cir. 1979). We need not reach this question here, however, because the Engagement Letter's forum selection clause, even if binding, would not encompass Yak's claims.