**Jane GRANING, Plaintiff,**

v.

**Harold Martin GRANING, Jr., Defendant.**

**No. 75 Civ. 4058.**

United States District Court, S. D. New York.

Feb. 18, 1976.

Cole & Dietz, New York City, for plaintiff; Joseph A. Di Benedetto, New York City, of counsel.

Lorenz, Finn, Giardino & Lambos, New York City, for defendant; James A. Flynn, New York City, of counsel.

OPINION AND ORDER

KEVIN THOMAS DUFFY, District Judge.

The defendant Harold Martin Graning, Jr. has moved to dismiss this action or for

a change of venue. The suit was instituted by defendant's ex-wife, Jane Graning, to recover over $24,000 allegedly due plaintiff for breach of a 1969 pre-divorce property settlement. The agreement was executed in New York, the residence of the parties at that time. The divorce decree, procured by defendant in the Dominican Republic in 1972, directed the parties to comply with the agreement.

The defendant's motion challenges both subject matter and in personam jurisdiction. It is undisputed that both diversity of citizenship and a claim in excess of $10,000 are present within the meaning of 28 U.S.C. § 1332. However, defendant contends that the action involves the domestic relations of the parties and therefore cannot be maintained in the federal court. *Rosenstiel v. Rosenstiel*, 278 F.Supp. 794 (S.D.N.Y.1967).

 The defendant mistakes the nature of this action which is essentially a breach of contract suit. The marital relationship between the parties has apparently already been determined and is not in dispute. Accordingly, diversity of citizenship affords an adequate basis for subject matter jurisdiction in this dispute. See *Spindel v. Spindel*, 283 F.Supp. 797 (E.D.N.Y.1968); *Richie v. Richie*, 186 F.Supp. 592 (E.D.N.Y.1960); *Gonzales v. Gonzales*, 74 F.Supp. 883 (E.D.Pa.1947).

In personam jurisdiction also exists in this case under N.Y. CPLR § 302(a)(1) (McKinney 1975). The agreement upon which this suit is premised was apparently negotiated and executed in New York while both parties were New York residents. The agreement provides that it is to be governed by New York law. Such an agreement is a transaction of business within the state for purposes of N.Y. CPLR § 302(a)(1). See *Kochenthal v. Kochenthal*, 28 A.D.2d 117, 282 N.Y.S.2d 36 (2d Dep't 1967). A finding of in personam jurisdiction in this case is in no way offensive to the teaching of *International Shoe Co. v. State of Washington*, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945).

Finally, the defendant has moved for a transfer of the action to either the District of Maryland or the District of Columbia under 28 U.S.C. § 1404(a). While it is apparently true that the defendant is now residing and working in the Washington, D. C., area, it is clear that his only argument in support of this motion is that his convenience will be suited by such a transfer. On the other hand, the plaintiff and her child live in New York. The plaintiff's witnesses also apparently live in New York. The physical evidence plaintiff intends to produce is located in New York. The agreement underlying the action is by its terms to be governed by New York law. Finally, the plaintiff would apparently be unable, for financial reasons, to maintain this action elsewhere. For all of these reasons, the motion to transfer the action will be denied. See *Schneider v. Sears*, 265 F.Supp. 257 (S.D.N.Y.1967).

The defendant's motions to dismiss or transfer the action are denied.

SO ORDERED.