Joseph BOSSOM, Plaintiff-Appellant,

v.

Naomi BOSSOM and Stanley E. Kooper,
Defendants-Appellees.

No. 383, Docket 76–7316.

United States Court of Appeals,
Second Circuit.

Argued Dec. 7, 1976.

Decided Dec. 17, 1976.

Bernard J. Jaffe, New York City (Gelbwaks & Pollack, New York City, of counsel), for plaintiff-appellant.

Stanley E. Kooper, Brooklyn, for defendants-appellees.

Before KAUFMAN, Chief Judge, and FRIENDLY and OAKES, Circuit Judges.

PER CURIAM:

This action by Joseph Bossom, a resident of Maryland, was brought in the District Court for the Eastern District of New York against his former wife, Naomi Bossom, and her attorney, Stanley E. Kooper, both residents of New York. Joseph sought a declaration of invalidity of a stipulation signed by him and Naomi in April 1974

(together with a related escrow agreement wherein Kooper was the escrow agent) which was incorporated into the decree of divorce granted Naomi on July 1, 1974 by the Supreme Court of the State of New York, County of Kings. Joseph attacked, as contrary to the public policy of New York, a provision in the stipulation whereby a default in making the specified payments for child support would work a forfeiture of his rights of visitation and authorize attorney Kooper to deliver out of escrow a deed to Naomi of Joseph's half interest in the marital home; for good measure he contended that the alleged invalidity of this provision tainted the entire stipulation and accordingly asked that the stipulation and the escrow agreement be declared null and void. Before bringing the action in federal court Joseph had moved the state court to resettle its decree so as to merge the stipulation with the judgment of divorce and to provide for a downward modification of the support provisions; the state court denied the motion for merger and when Joseph defaulted in appearing, the request for modification was dismissed. On plaintiff's motion for summary judgment and defendants' cross-motion to dismiss under F.R. Civ.P. 12(b)(1), the district court dismissed the complaint.

The considerations relevant to plaintiff's appeal were canvassed by us in some depth in *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel*, 490 F.2d 509, 512–17 (2 Cir. 1973), see also *Kamhi v. Cohen*, 512 F.2d 1051 (2 Cir. 1975). Our conclusions, in summary, were that:

■ (1) The disclaimer in *Barber v. Barber*, 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859), of "any jurisdiction in the courts of the United States upon the subject of divorce, or for the allowance of alimony" was alive and well[1] as a matter of construction of the statute granting diversity jurisdiction of specified "civil actions," 28 U.S.C. § 1332, even if not of the definition of "all

Cases, in Law and Equity" in Article III, § 2, of the Constitution, assuming it was ever intended to be the latter;

■ (2) In a case not coming within the exception relating to matrimonial actions, a federal court may still decline jurisdiction if the action is "on the verge" of the exception, when there is no obstacle to a full and fair determination in the state courts and the interests of justice would be served by allowing the determination to be made by them in view of their great familiarity with matrimonial disputes and the absence of any such expertise by the federal courts.

■ Despite such decisions as *Southard v. Southard*, 305 F.2d 730, 731 (2 Cir. 1962), and *Harrison v. Harrison*, 214 F.2d 571 (4 Cir.), *cert. denied*, 348 U.S. 896, 75 S.Ct. 217, 99 L.Ed. 704 (1954), we are inclined to think that this action fell within the matrimonial exception itself. Plaintiff is here asking a federal court in effect to modify a state divorce decree on a state law ground by nullifying a stipulation incorporated in it providing for visitation rights, child support and possession and disposition of the marital home. Even a declaration of invalidity limited to the provision in the stipulation calling for forfeiture of Joseph's visitation rights and interest in the marital home would seem to involve a sufficient meddling with the judgment of divorce to bring the case within the matrimonial exception itself, a conclusion that would be reinforced by the plaintiff's reliance on the domestic relations policy of New York as rendering unenforceable the forfeiture of visitation rights. It is unnecessary, however, to decide this since on any view the case falls within the second proposition enunciated in *Phillips, Nizer,* compare *Armstrong v. Armstrong*, 508 F.2d 348 (1 Cir. 1974). Plaintiff stresses that here, in contrast to *Phillips, Nizer,* it is the plaintiff who is the out-of-stater. But that was only one of the factors we there mentioned and in other respects, notably the effect of the relief

---

1. See also *Sosna v. Iowa*, 419 U.S. 393, 404, 95 S.Ct. 553, 559, 42 L.Ed.2d 532 (1975), where the Supreme Court more recently cited *Barber* as "bear[ing] witness to ~his historical fact,"

namely, that "regulation of domestic relations [is] an area that has long been regarded as a virtually exclusive province of the States."

sought on the terms of the divorce decree, this is an even stronger case for abstention. Although we there spoke of staying the federal action during the pendency of a state proceeding, and that might have been a safer course for the judge to have followed here, we perceive no need to modify his order. Nothing suggests any inability on plaintiff's part to obtain from the New York courts such relief, if any, to which he may be entitled. In contrast to *England v. Louisiana State Board of Medical Examiners*, 375 U.S. 411, 84 S.Ct. 461, 11 L.Ed.2d 440 (1964), plaintiff has asserted no federal claim which he would like to withhold from the New York courts. Hence, however the New York courts decide, that will end the matter under the rule of *res judicata.*

Affirmed.