John E. CASABURRO, individually and Susan M. Casaburro, an infant under the age of eighteen by John E. Casaburro, her guardian,

v.

Patricia J. DAHER and Rafik Daher, Defendants.

No. 82 Civ. 6771(MEL).

United States District Court, S.D. New York.

Sept. 6, 1983.

Siller & Galian, New York City, for plaintiff; Sidney Siller, New York City, of counsel.

Leshanski & Carlin, New York City, for defendants; George P. Leshanski, New York City, of counsel.

LASKER, District Judge.

John Casaburro ("Casaburro") and Patricia Daher ("Daher"), formerly Patricia Casaburro, legally separated by agreement on February 14, 1975 and were divorced by a judgment of the Bronx County Supreme Court on May 14, 1975 (Pl. Exs. A & B). The separation agreement, which was incorporated by reference in the judgment of divorce, granted Daher custody of the couple's two minor children, Anthony and Susan, to continue until the children reached the age of 12, at which time they were to be permitted to choose the parent with whom they wished to live. In September 1980 Daher moved to California and has lived there with her husband, Rafik Daher, and Susan since that time.[1]

Casaburro's suit against the Dahers contains five causes of action, all based on the alleged interference with Casaburro's visitation rights occasioned by Daher's relocation to California with Susan: (1) false imprisonment (brought by Casaburro allegedly as guardian ad litem on behalf of Susan);[2] (2) deprivation of the society, as-

---

1. The son, Anthony, also moved to California with Daher, but was taken to New York by Casaburro in June 1981, without the consent of Daher. Anthony reached the age of 12 on October 4, 1981, and has continued to live with Casaburro in New York. *See* Affidavit of Patricia Daher, p. 3; Complaint ¶ 7.

2. Although the decision herein rests on other grounds, we note that, because Daher has legal custody of Susan, and Casaburro has not been

sociation and companionship of Susan; (3) intentional infliction of emotional suffering; (4) conspiracy between the Dahers to deprive Casaburro of visitation rights; and (5) breach of contract. Casaburro seeks $1,000,000 in damages in each of the last three causes of action. The asserted basis for federal jurisdiction is diversity of citizenship.

Daher moves to dismiss pursuant to Rules 12(b)(1), (3) and (6) and Rule 17 of the Federal Rules of Civil Procedure. We discuss only that aspect of the motion asserting lack of subject matter jurisdiction pursuant to F.R.Civ.Pr. 12(b)(1), because we find that ground dispositive.

■ By judicial construction of 28 U.S.C. § 1332, so-called matrimonial actions—*i.e.*, actions for divorce or for alimony—are excluded from the federal diversity jurisdiction. *See Barber v. Barber,* 62 U.S. (21 How.) 582, 584, 16 L.Ed. 226 (1859); *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509 (2d Cir.1973); *Bossom v. Bossom,* 551 F.2d 474 (2d Cir.1976) (per curiam). Moreover, Second Circuit case law establishes that, even where an action does not fall strictly within the exception for matrimonial actions set forth in *Barber v. Barber, supra,*

> "a federal court may still decline jurisdiction if the action is 'on the verge' of the exception, when there is no obstacle to a full and fair determination in the state courts and the interests of justice would be served by allowing the determination to be made by them in view of their great familiarity with matrimonial disputes and the absence of any such expertise by the federal courts."

*Bossom v. Bossom, supra,* 551 F.2d at 475. Abstention has been held appropriate under this latter rationale, for example, where the plaintiff sought payment from her former husband of the legal expenses incurred in obtaining the divorce, *see Phillips, Nizer, Benjamin, Krim, and Ballon v. Rosenstiel, supra,* and where the plaintiff brought a

breach of contract action requiring interpretation of a separation agreement and adjudication of visitation and custody rights, *see Brenhouse v. Bloch,* 418 F.Supp. 412 (S.D.N.Y.1976).

■ Applying these principles to the facts of this case, it follows that although the instant lawsuit may not fall strictly within the exception for matrimonial actions, abstention is nevertheless warranted under the standards quoted above. Casaburro's five causes of action are all premised on the contention that Daher's relocation to California with their daughter constitutes an unlawful interference with Casaburro's visitation rights. The separation agreement, although it provides for visitation rights, is silent on the subject of Daher's right to choose her residence, and the federal courts have little experience with the state policies and precedents that govern the construction of such agreements in these circumstances. Questions concerning child custody, requiring as they do a determination not only of the parents' respective rights, but also of the child's best interests, are peculiarly ill-suited for federal court adjudication, when a state court with expertise in such matters is available to hear the action. Casaburro has advanced no reason, and we find none, why this action cannot be brought in state court, but simply argues that the action is merely a tort and breach of contract suit, a contention wholly at odds with the realities of the litigation.

Accordingly, the motion to dismiss for lack of subject matter jurisdiction is granted.

It is so ordered.

---

appointed Susan's *guardian ad litem,* Casaburro appears to lack capacity to sue as *guardian ad litem* on behalf of Susan. *See* Fed.R.Civ.Pr.

17; New York Civil Practice Law and Rules § 1201 (McKinney 1976).