**Doris PETERSEN, Plaintiff,**

v.

**John PETERSEN, Defendant.**

No. 85 Civ. 2123(PNL)

United States District Court,
S.D. New York.

July 2, 1986.

---

Max Markus Katz, New York City, for plaintiff.

Bernard M. Eiber, Great Neck, N.Y., for defendant.

LEVAL, District Judge.

This is a suit in diversity for breach of a separation agreement. Defendant, John Petersen moves for summary judgment dismissing the complaint for lack of subject matter jurisdiction. Plaintiff, Doris Petersen, cross-moves for summary judgment. The motion to dismiss the complaint is granted.

Background

Doris and John Petersen were divorced in 1981. In anticipation of the divorce, they executed a separation agreement which detailed alimony payments and a property settlement. The agreement was incorporated by reference in the divorce decree issued by the New York Supreme Court. Beginning in 1982, John failed to make alimony payments. Doris brought a collection action in state court in 1983. Doris acquired a judgment, but it was later vacated for lack of valid process, and the

state suit has since been discontinued. In 1984 John sued to set aside the alimony provision, claiming fraudulent inducement. This suit was dismissed for failure to state a cause of action. John, however, secured an *ex parte* order requiring Doris to post security for court costs. Doris now seeks enforcement of the separation agreement in this court.

Discussion

Plaintiff invokes the diversity jurisdiction of this court. Although the parties are apparently diverse [1] and the amount in controversy exceeds $10,000, matrimonial actions are a traditional exception to diversity jurisdiction. *See Barber v. Barber,* 62 U.S. (21 How.) 582, 16 L.Ed. 226 (1859) (dicta); *Ex Parte Burrus,* 136 U.S. 586, 10 S.Ct. 850, 34 L.Ed. 500 (1890); *Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509, 513 (2d Cir.1973) (Freindly, J.). While the scope of this exception has not been consistently defined, several recent cases in this district have held that disputes arising out of separation agreements fall within the exception and thus outside federal jurisdiction. In *Casaburro v. Daher,* 569 F.Supp. 835 (S.D.N.Y. 1983), Judge Lasker held that there was no federal jurisdiction over a former husband's visiting rights claim predicated on a separation agreement. Judge Lasker explained that "federal courts have little experience with the state policies and precedents that govern construction of such agreements...." *Id.* at 836. Similarly, Judge Knapp held that a dispute over child support provisions of a separation agreement was outside federal jurisdiction. *Brenhouse v. Bloch,* 418 F.Supp. 412 (S.D. N.Y.1976). In *Rosenstiel v. Rosenstiel,* 278 F.Supp. 794 (S.D.N.Y.1967), the court held that there must be a nonfrivolous constitutional claim in order to invoke federal jurisdiction in matrimonial disputes.

One decision of a judge of this district held that a breach of contract action

1. Defendant asserts that the plaintiff fails to meet the citizenship requirement, but has offered no proofs to support this suggestion. Given the resolution of the jurisdiction question, it is, in any event, unnecessary to reach this issue.

based on a separation agreement was properly cognizable in diversity. The court in *Graning v. Graning,* 411 F.Supp. 1028 (S.D.N.Y.1976), held that a suit to recover on a pre-divorce property settlement was essentially a breach of contract action, rather than a matrimonial dispute. *Graning* is distinguishable, however, on several important grounds. The Granings' divorce was granted by the Dominican Republic rather than New York State. Thus, the state court had no particular interest or expertise in the subject; it was not a peculiarly local matter. Moreover, the *Graning* case involved a simple question of enforcement; the agreement was not questioned on the merits. Here, by contrast, the divorce decree was issued by a New York court which has been involved in the present controversy, and the dispute goes to the very validity of the separation agreement incorporated into the divorce. Accordingly, the policies justifying deference to state court resolution of matrimonial actions are directly implicated in the instant action. *See* Note, *Application of Federal Abstention Doctrines to the Domestic Relations Exception to Federal Diversity Jurisdiction* 1983 Duke L.J. 1095, 1099 (state expertise and competence, problem of continuing supervision of divorce and alimony decrees, and possibility of incompatible state and federal decrees make deference appropriate).

Even if there were jurisdiction, this case presents a particularly appropriate instance for federal abstention. The Court of Appeals has held that "[i]n a case not coming within the exception relating to matrimonial actions, a federal court may still decline jurisdiction if the action is 'on the verge' of the exception...." *Bossom v. Bossom,* 551 F.2d 474 (2d Cir.1976) (per curiam). Where federal adjudication would interfere with state policy in an important matter of local concern, the Supreme Court has long found abstention appropriate. *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed.2d 1424 (1943). Matrimony and divorce are subject to extensive and intricate regulation by the various states, and state courts have developed particular competence in the adjudication of these issues. Federal court intervention in this case would not only infringe on core state concerns and risk inconsistent state and federal adjudications, but would require "exploration of a difficult field of New York law with which, because of its proximity to the exception for matrimonial actions, federal judges are more than ordinarily unfamiliar." *Phillips Nizer, supra,* at 515.

Finally, the state court has explicitly retained jurisdiction in this matter. Litigants must not be permitted to avoid unfavorable state court decisions by transferring their state law dispute to federal court. *See Texaco v. Pennzoil,* 784 F.2d 1133, 1142–43 (2d Cir.1986). The New York courts provide a superior forum for the resolution of these matters. It would be inappropriate for this court, even if it had jurisdiction, to involve itself in what is essentially an ongoing matrimonial dispute, however clothed.

The complaint is dismissed.