**Joan KOWOHL, Plaintiff,**

v.

**Joseph ROSCHKO, Defendant.**

**No. 86 CV 0642.**

United States District Court, E.D. New York.

May 11, 1987.

Steckler & Associates, Westbury, N.Y. by Ferne Mayer Steckler, for plaintiff.

Rosenthal & Shays, New York City by Linda D. Birnbaum, for defendant.

## MEMORANDUM AND ORDER

PLATT, District Judge.

This is an action to enforce a pre-divorce agreement dividing the marital property of plaintiff and defendant. Plaintiff moves to dismiss defendant's counterclaims for equitable distribution for lack of subject matter jurisdiction. Defendant cross-moves for leave to amend his answer to add a third counterclaim for partition of the marital home, the subject matter of the main complaint.

As we find that the subject matter of this suit, in its entirety, verges on the matrimonial area and that the parties may obtain a full and fair adjudication in the State Court system, we decline jurisdiction and dismiss this action without prejudice to reinstitution in State Court.

### Background

Plaintiff and defendant entered into a written agreement on January 20, 1983, stating that the parties agreed to separate and seek a divorce and dividing the marital assets. On March 24, 1983, plaintiff obtained a New York divorce. The aforementioned agreement was not referenced nor incorporated into the divorce judgment.

On June 27, 1985, plaintiff brought in Supreme Court, New York County, an order to show cause why an order should not be entered enforcing that portion of the pre-divorce agreement distributing the marital home. Defendant cross-moved for equitable distribution of the marital assets. Mr. Justice Edward J. Lehner denied the requested relief without prejudice only to the institution of a plenary action by plaintiff to obtain enforcement of the separation agreement or by the defendant to seek recission and/or recovery or partition of the real property. *See Roschko v. Roschko,* 130 Misc.2d 827, 497 N.Y.S.2d 814 (Sup. Ct.1985). Plaintiff then filed the instant action in federal court premised on diversity jurisdiction.

### Subject Matter Jurisdiction

Matrimonial actions are a long standing judicially created exception to diversity jurisdiction. *See Phillips, Nizer, Benjamin, Krim & Ballon v. Rosenstiel,* 490 F.2d 509, 513 (2d Cir.1973). Moreover, as the Second Circuit has recognized:

> [i]n a case not coming within the exception relating to matrimonial actions, a federal court may still decline jurisdiction

if the action is "on the verge" of the exception, when there is no obstacle to a full and fair determination in the state courts and the interests of justice would be served by allowing the determination to be made by them in view of their great familiarity with matrimonial disputes and the absence of any such expertise by the federal courts.

*Bossom v. Bossom,* 551 F.2d 474, 475 (2d Cir.1976); *see also Peterson v. Peterson,* 640 F.Supp. 719 (S.D.N.Y.1986).

We find that this case is on the verge of the matrimonial exception to diversity jurisdiction. Plaintiff's original attempt to enforce the provisions of the pre-divorce agreement by summary proceeding pursuant to the New York State Domestic Relations Law indicates that plaintiff viewed this dispute as matrimonial in nature. The complaint and the counterclaims seek distribution of marital assets. The validity of the pre-divorce agreement is a matter controlled, or at least affected, by New York State's Domestic Relations Law whether incorporated into the divorce judgment or not. *See* N.Y. Domestic Relations Law § 236, Part B Practice Commentary (McKinney 1986) (Opting Out Agreements—The Formalities). Therefore, we find that this action verges on the matrimonial area.[1]

We also see no impediment to continuation of this action in the State Court system where it began. Contrary to plaintiff's assertions that by declining jurisdiction of this matter plaintiff will be left without a forum in which to prosecute her claim, nothing in Mr. Justice Lehner's decision precludes institution of this action in State court. The State Court merely recognized that the agreement "is not capable of *summary enforcement* under any of the provisions of the Domestic Relations Law, but rather requires the more expensive route

---

1. Although the Court in *Graning v. Graning,* 411 F.Supp. 1028 (S.D.N.Y.1976), assumed jurisdiction over an action to enforce a separation agreement the facts of that case appear to be distinguishable from those presented herein. In *Graning,* the divorce was procured in the Dominican Republic, not in New York, thus reducing the State's interest in the dissolution of the marital relationship. Moreover, the foreign divorce decree directed the parties to comply with the separation agreement whereas in this action no Court has passed on the validity of the agreement. *See Petersen v. Petersen,* 640 F.Supp. 719, 721 (S.D.N.Y.1986).

of a separate plenary action."[2] *Roschko*, 497 N.Y.S.2d at 815 (emphasis added). Therefore, it was plaintiff's method of seeking judicial intervention by way of summary proceeding, not her choice of a State court forum, which rendered Mr. Justice Lehner powerless to adjudicate plaintiff's claim.

Finally, we find that the interests of justice would be served by allowing the State Court to determine the parties' rights under the marital agreement.

Accordingly, we decline jurisdiction over this matter. Case dismissed without prejudice to reinstitution in a State Court.

SO ORDERED.

---

**2.** A plenary action is defined as a complete and formal hearing on the merits as distinguished from a summary hearing. Black's Law Dictionary 1038 (5th ed. 1979).