**Arlene FARKAS, Plaintiff,**

v.

**Dolores D'OCA, a/k/a Dolores Farkas, Defendant.**

No. 92 Civ. 8153 (CSH).

United States District Court, S.D. New York.

July 5, 1994.

---

Judd Burstein, Judd Burstein, P.C., New York City, for plaintiff.

Henry M. Gargano, Brooklyn, NY, for defendant.

## MEMORANDUM OPINION AND ORDER

HAIGHT, District Judge:

In this action alleging civil liability under the Racketeer Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. § 1961–1963, 1964(c), to which state law claims are appended, plaintiff seeks an award of over $18,000,000 representing the alleged amount of trebled damages to plaintiff's property caused by an alleged fraudulent scheme to divert plaintiff's marital assets to defendant, engineered by defendant and plaintiff's husband. Defendant has asked this Court to abstain from exercising jurisdiction over the case, or in the alternative, to dismiss the RICO claims pursuant to Fed.R.Civ.P. 12(b)(6) for failure to state a claim for relief, and for failure to plead fraud with particularity as required by Rule 9(b). For the reasons explained below, I conclude that abstention is proper because difficult state law issues are pending in a matrimonial action filed by plaintiff in state court which materially impact on a key issue in this case. The case will therefore be placed on this Court's suspense docket until the conclusion of the state matrimonial action.

### BACKGROUND

The allegations in this case tell a sad tale of marital strife and deception. Plaintiff Arlene Farkas ("Arlene") and her husband,

Bruce Farkas ("Bruce") were married in 1959. The complaint alleges that sometime before 1974, Bruce became involved in an adulterous relationship with defendant Dolores D'Oca ("D'Oca") by whom he fathered two children, one in 1974 and one in 1982. In 1974, Bruce and D'Oca allegedly entered into a bigamous marriage. Plaintiff learned of the illicit relationship between Bruce and D'Oca in 1975 when Bruce admitted he fathered D'Oca's child and allegedly told plaintiff he would pay $1,000 per month in child support and was ending the relationship. The relationship allegedly continued unbeknownst to plaintiff until at least 1990 when Bruce left Arlene for D'Oca.

The complaint alleges that between 1974 and 1989, in violation of his fiduciary duties to plaintiff and with D'Oca's willing participation, Bruce Farkas concealed from plaintiff a variety of material facts including the continuation of his relationship with D'Oca and his diversion to her of millions of dollars of marital funds. D'Oca is alleged to have used the mails and the interstate wires in furtherance of the fraudulent scheme in violation of the wire and mail fraud statutes, 18 U.S.C. § 1341, § 1343. Each use of the mails or interstate wires is alleged to constitute a predicate act under RICO.

Plaintiff commenced a matrimonial action against Dolores D'Oca and First American Bank of New York in New York State Supreme Court in June of 1991. The amended complaint in that action, filed April 8, 1992, also alleges that Bruce diverted marital assets to D'Oca and seeks an accounting of the disposition of marital funds allegedly wastefully dissipated. ¶¶ 58–62. To date, the action is still pending against Bruce.[1]

## DISCUSSION

Defendant argues that the circumstances of this case make abstention appropriate under several different judicially crafted theories. Defendant urges that abstention pursuant to *Younger v. Harris*, 401 U.S. 37, 91 S.Ct. 746, 27 L.Ed.2d 669 (1971) is appropriate to avoid this Court's interference with the

pending state proceeding, and that "exceptional circumstances" warrant abstention pursuant to *Colorado River Water Conservation District v. United States*, 424 U.S. 800, 96 S.Ct. 1236, 47 L.Ed.2d 483 *reh'g denied*, 426 U.S. 912, 96 S.Ct. 2239, 48 L.Ed.2d 839 (1976). I disagree. This case does not fit into the narrow categories of abstention created under those doctrines.

■ None of the relief sought here would restrain or interfere with the state court proceedings, an element which must be present for *Younger* abstention to be appropriate. *See Lawrence v. Cohn*, 778 F.Supp. 678, 685 (S.D.N.Y.1991), *vacated on other grounds*, 816 F.Supp. 191 (S.D.N.Y.1993). One of the forms of relief plaintiff seeks in this action is an order setting aside allegedly fraudulent transfers pursuant to New York's Debtor Creditor Law. Defendant argues that such relief would unduly interfere with the state court's equitable distribution of marital property given that in making an equitable distribution the state court is required to determine whether either spouse has wastefully dissipated any assets. I am not persuaded. A determination that a fraudulent transfer has been made and should be set aside may involve issues overlapping those the state court would analyze in determining whether wasteful dissipation of assets has occurred. Nonetheless, even if this Court were to grant the requested relief, an order of this Court setting aside a fraudulent transfer of marital property would not prevent the state court from identifying marital property and making an equitable distribution, whether or not the property is subject to a set aside order of this Court. Therefore, the exercise of federal jurisdiction over this case would not conflict with the exercise of state jurisdiction. *See Hoai v. Sun Refining and Marketing Co., Inc.*, 866 F.2d 1515, 1517 (D.C.Cir.1989) (discussing *Younger* abstention).

■ *Colorado River* abstention is clearly not appropriate because the case at bar is not parallel to the state matrimonial action. The *Colorado River* Court recognized that

1. Plaintiff contends that the case has been discontinued against D'Oca and First American

Bank; defendant disputes this contention.

under "exceptional circumstances" federal district courts may abstain out of deference to pending parallel state court proceedings. 424 U.S. at 818, 96 S.Ct. at 1246. In a subsequent case, the Court clarified the duty of district courts in determining whether to abstain because of concurrent state and federal suits:

> "[W]e emphasize that our task in cases such as this is not to find some substantial reason for the *exercise* of jurisdiction by the district court' rather, the task is to ascertain whether there exist 'exceptional' circumstances, 'the clearest of justifications,' that can suffice under *Colorado River* to justify the *surrender* of that jurisdiction."

*Moses H. Cone Hospital v. Mercury Construction Corp.,* 460 U.S. 1, 25–26, 103 S.Ct. 927, 942, 74 L.Ed.2d 765 (1983) (emphasis in original).

■ If the state and federal proceedings are not concurrent *Colorado River* abstention is unquestionably not appropriate. *See Sheerbonnet, Ltd. v. American Express Bank, Ltd.,* 17 F.3d 46, 49 (2d Cir.1994); *cf. Alliance of American Insurers v. Cuomo,* 854 F.2d 591, 603 (2d Cir.1988) (in determining that district court's decision to abstain was unwarranted, court noted "[m]ost importantly, it is not at all clear that this case and the state court actions are 'concurrent'"). The action at bar is a civil RICO action alleging that defendant participated in a fraudulent scheme to divert marital funds. Plaintiff seeks $18,000,000 in treble damages and an order setting aside allegedly fraudulent conveyances. In the state action, plaintiff seeks against Bruce relief commonly sought in a matrimonial action: an equitable distribution of marital property, $750,000 for "necessaries", an accounting of wrongfully dissipated property and a judgment of divorce, as well as $600,000 for breach of contract and $600,000 in compensatory damages for fraud. While the issue of wrongful transfer of marital funds is present in both actions, the nature of the claims are vastly different. Moreover, the defendants in both actions are not identical: it appears that D'Oca has been dismissed from the state action. Finally, the fact that both actions

arise out of a similar set of circumstances is not sufficient justification for abstention where the claims are not concurrent. Accordingly, because the cases are not parallel, *Colorado River* abstention is not appropriate.

Defendant lastly argues that abstention is warranted under *Burford v. Sun Oil Co.,* 319 U.S. 315, 63 S.Ct. 1098, 87 L.Ed. 1424 *reh'g denied,* 320 U.S. 214, 63 S.Ct. 1442, 87 L.Ed. 1851 (1943). "[T]he aim of *Burford* abstention is to 'avoid resolving difficult state law issues involving important public policies or avoid interfering with state efforts to maintain a coherent policy in an area of comprehensive regulation or administration.'" *Bethphage Lutheran Service, Inc. v. Weicker,* 965 F.2d 1239, 1243 (2d Cir.1992) (quoting *American Disposal Services, Inc. v. O'Brien,* 839 F.2d 84, 87 (2d Cir.1987)). *Burford* abstention has long been held appropriate when adjudication of the federal case "would interfere with state policy in an important matter of local concern." *Petersen v. Petersen,* 640 F.Supp. 719, 721 (S.D.N.Y.1986) (citing *Burford*). Domestic relations matters, including divorce, are subject to extensive state regulation and state courts are specially competent to adjudicate such matters. *See id.*

Defendant argues that this Court's resolution of the issues in the case at bar would constitute inappropriate intrusion into the domestic relations sphere, an area of comprehensive state regulation. As a preliminary matter, I disagree with defendant's contention that abstention is required because this case is essentially a domestic relations matter and would "enmesh" this Court in domestic relations matters. Nevertheless, I agree that abstention is warranted because a key issue in the RICO action, explained as follows, is inextricably involved in the matrimonial action and is better left for resolution by that court.

In order to have standing to bring a civil RICO action, a person must show that he was "injured in his business or property by reason of a violation of section 1962 of this chapter". 18 U.S.C. § 1964(c). Plaintiff alleges that by engaging in their fraudulent scheme, D'Oca and Bruce defrauded plaintiff of (a) assets which jointly belonged to plaintiff and Bruce, and (b) plaintiff's right to an

equitable distribution of marital assets. Complaint at ¶ 26. It is an integral component of plaintiff's RICO claim that the property allegedly fraudulently diverted to D'Oca was property belonging to plaintiff, not merely an "expectation of a favorable decree awarding her a share of [her husband's] assets in the state court matrimonial action." *Pohlot v. Pohlot,* 664 F.Supp. 112, 116 (S.D.N.Y.1987) (citing *Board of Regents of State Colleges v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972)). Thus, if the property diverted to D'Oca was Bruce's separate property or property not actually belonging to plaintiff, plaintiff's RICO claims must fail because the key element of injury to *her* property is missing. *See Capasso v. CIGNA Ins. Co.,* 765 F.Supp. 839, 842 (S.D.N.Y.1991) (wife's expectation that she might be awarded some share in her husband's property held "too speculative to support a RICO claim").

In a New York divorce action, the state court is required to assess the rights of the spouses in their separate property and to provide for the disposition of marital property. N.Y.Dom.Rel.Law § 236(B)(5). In the process of making an equitable distribution of marital property, moreover, the state court must determine whether either spouse has made a "wasteful dissipation of assets". N.Y.Dom.Rel.Law § 236(B)(5)(d)(11).

■ Mindful of my "virtually unflagging" duty to exercise jurisdiction, *Colorado River,* 424 U.S. at 817, 96 S.Ct. at 1246, I nonetheless conclude that abstention is warranted in this case. Although this may not be the typical case warranting *Burford* abstention, as the Supreme Court has explained, "[t]he various types of abstention are not rigid pigeonholes into which federal courts must try to fit cases. Rather, they reflect a complex of considerations designed to soften the tensions inherent in a system that contemplates parallel judicial processes." *Pennzoil Co. v. Texaco, Inc.,* 481 U.S. 1, 11 n. 9, 107 S.Ct. 1519, 1526 n. 9, 95 L.Ed.2d 1 (1987). Because the circumstances of this case present significant elements of *Burford* abstention, I conclude that abstention under that doctrine is appropriate.

The divorce action between plaintiff and Bruce is currently pending in state court. In the course of making an equitable distribution in that case, the state court will necessarily determine the respective property rights of the spouses. The court will also, as a prerequisite to determining whether any property has been wrongfully dissipated, apparently determine whether any property at issue constituted marital property. The issue of whether there has been injury to plaintiff's property sufficient to allow standing under RICO turns on these issues pending before the state court. Thus, because the court in the pending state case will potentially resolve a material issue in this federal case, an issue which is the subject of extensive state regulation and is particularly within the province of state courts to resolve, abstention is appropriate in order to permit the state court to speak first on this difficult issue.

The appropriateness of abstention in the present case is also underscored by the recognition that until the equitable distribution is actually made by the state court, plaintiff's injury is only speculative. The complaint alleges injury to "(a) assets which jointly belonged to plaintiff and [Bruce] Farkas, and (b) plaintiff's right to an equitable distribution of marital assets ..." Complaint at ¶ 26. The second of these injuries is merely speculative until the distribution is made and plaintiff's "right to an equitable distribution of marital assets" is actually harmed. Until the distribution is made, plaintiff has no indication of the value of the assets she will receive, and of whether or not the economic harm she expects will befall her.

*Minot v. Eckardt–Minot,* 13 F.3d 590 (2d Cir.1994), in which the Second Circuit recently considered the application of *Burford* abstention to a federal case with domestic relations overtones, does not, as plaintiff urges, compel a contrary conclusion. Indeed, to the extent the holding in *Eckardt–Minot* applies to this case, it supports my conclusion that abstention is appropriate. *Eckardt–Minot* involved a case, removed from state court on the basis of diversity of citizenship, brought by a father seeking tort damages for alleged violations of New York state custody orders

by the child's mother. The district court abstained from adjudicating the matter and remanded the case to state court on the basis of the family law nature of the tort claims and because the custody dispute was still pending in state court.

Relying on *Burford v. Sun Oil Co.*, the Second Circuit affirmed the district court's decision to abstain. The court cautioned that abstention in a case properly removed from state court on the basis of diversity jurisdiction must be supported by strong reasons and should not be lightly exercised. Nevertheless, the court found that the need to leave the delineation of a tort relating to custodial interference to the state courts, and the fact that issues important to the federal case remained pending in the state custody dispute, sufficiently justified abstention.

Unlike *Eckardt–Minot*, jurisdiction in this case is not based upon diversity of citizenship and the case was not removed from state court. Therefore, although the general rule that abstention should be rarely invoked remains applicable, the specific admonishment to use significant caution in abstaining in diversity cases does not apply here. Yet, one of the two "strong" reasons justifying abstention in *Eckardt–Minot* is present in this case; issues which are essential to this case remain pending resolution in the state matrimonial action.

Having carefully considered the matter of abstention, I conclude that this action is one of those "rare" cases "the Supreme Court had in mind when it suggested that 'in certain circumstances, the abstention principles developed in *Burford* . . . might be relevant in a case involving elements of the domestic relationship." *Eckardt–Minot*, 13 F.3d at 595 (quoting *Ankenbrandt v. Richards*, —— U.S. ——, ——, 112 S.Ct. 2206, 2216, 119 L.Ed.2d 468 (1992)). It remains to be decided, however, which procedural mechanism this Court should employ in abstaining from exercising jurisdiction over this case: dismissal of the complaint or a stay of this case pending resolution of the state matrimonial action.

 Normally it is appropriate for courts exercising *Burford* abstention to dismiss the federal complaint. Yet, "[t]he deci-

sion, in any given case in which abstention is ordered, whether to dismiss the action, or to retain jurisdiction over it and stay the federal proceedings, should be based on a consideration of what is appropriate to the circumstances of that case, and not simply on the label attached to the abstention." *Williams v. Red Bank Board of Education*, 662 F.2d 1008, 1023 n. 15 (3d Cir.1981). I believe that the circumstances of this case warrant a stay of the federal action rather than dismissal of the case. As noted, this is not the typical context of *Burford* abstention which often presents circumstances in which the pending state action will definitively determine all of the issues presented in the federal case. Instead, abstention is warranted here because a threshold issue in a material element of plaintiff's RICO claims in this case will be decided in the state matrimonial action. After the state court's ultimate equitable distribution and assessment of the property rights of the parties, the federal case presumably may proceed, although I intimate no present view on whether plaintiff will be able to sufficiently state a RICO claim.

Dismissal is therefore inappropriate because "[a] dismissal, even without prejudice, creates a risk that the federal plaintiff will be time-barred from reinstating his federal suit if the state proceeding does not result in a final decision on the merits." *Lumen Const., Inc. v. Brant Const. Co, Inc.*, 780 F.2d 691, 698 (7th Cir.1985) (citations omitted). Accordingly, the better course is to stay this action pending resolution of the state matrimonial action. When the issues pertaining to property division and wrongful dissipation of marital assets have been resolved by the state court, plaintiff may, if so advised, return to this Court to pursue her claims.

*CONCLUSION*

Defendant's motion to abstain is granted. I therefore do not reach the issues raised by defendant's motion to dismiss the RICO claims.

The Clerk of the Court is directed to place the case on the suspense docket of the under-

signed pending resolution of the state court matrimonial action.

SO ORDERED.