Stuart L. MELNICK, Plaintiff,

v.

Wendy ADELSON–MELNICK, Defendant.

No. 04 Civ. 5993(LAK).

United States District Court, S.D. New York.

Nov. 15, 2004.

As Amended Dec. 22, 2004.

Stuart L. Melnick, Stuart L. Melnick, LLC, Plaintiff pro se.

Peter T. Shapiro, Jones Hirsch Connors & Bull P.C., for Defendant.

## MEMORANDUM OPINION

KAPLAN, District Judge.

This diversity action, which was removed from New York Supreme Court, is the latest episode in long running matrimonial litigation that continues and belongs in the courts of Connecticut. Defendant moves to dismiss for failure to state a claim, lack of subject matter jurisdiction, lack of personal jurisdiction, and improper venue and on the ground of *forum non conveniens* and for other relief, including sanctions.

### *Facts*

The Court accepts as true, for purposes of this motion, the well pleaded factual allegations of the complaint save that it considers the affidavits specifically cited below solely insofar as they bear on the issue of personal jurisdiction.

### *The Controversy*

Plaintiff and defendant were married in 1991 and divorced in 1997 pursuant to a judgment of the Superior Court for the State of Connecticut. A separation agreement providing, among other things, for visitation rights with respect to the minor child of the marriage was incorporated in the divorce decree.

The parties have had continuing disagreements with respect to visitation. In November 2003, in an effort to resolve these problems, they entered into a supplemental agreement that was reduced to an order of the Family Court in Connecticut.

Plaintiff, now a citizen of New York, claims that his former spouse, still a citizen of Connecticut, has breached the separation and supplemental agreements and otherwise misbehaved, chiefly in relation to his visitation rights. He allegedly has been unsuccessful in obtaining relief from the Connecticut courts. So he brought this action in New York Supreme Court, whence defendant removed it to this Court.

The complaint contains eight claims for relief:

- Breach of the separation and supplemental agreements, chiefly in relation to visitation.

- Breach of the covenant of good faith and fair dealing implicit in the separation and supplemental agreements, chiefly in relation to visitation.

- Fraud in the inducement of the separation and supplemental agreements in that the defendant allegedly had no intention of performing.

- Tortious interference with custodial rights.

- Intentional infliction of emotional distress.

- Negligent infliction of emotional distress.

- *Prima facie* tort.

- Punitive damages.

### *Personal Jurisdiction*

The complaint alleges in conclusory terms that the actions complained of either occurred in New York or have had a detrimental impact here.[1] Its specific allegations, however, all contend that defendant improperly acted or failed to act in the

---

1. Cpt. ¶ 2.

State of Connecticut.[2] It asserts—falsely, as shown below—that defendant commenced an unspecified proceeding against plaintiff in New York Family Court.[3]

Defendant has submitted an affidavit stating that she has resided in Connecticut for many years, that the child always has lived there, that she has had no contacts with New York pertaining to these matters except that she has received telephone calls and correspondence initiated by plaintiff from New York, and that she never has traveled to New York for any reason connected with the dispute with her ex-husband.[4]

The separation agreement, which is incorporated in the judgment of divorce, provides that plaintiff is to have "liberal and reasonable visitation," that the defendant shall meet plaintiff in Milford, Connecticut, on alternate weekends to exchange the child, and that the plaintiff shall pick up the child in Connecticut for specified holidays. Any disputes concerning visitation are to be mediated and then submitted to the Connecticut Superior Court either to incorporate any agreements reached in mediation in court orders or for resolution on motion.[5] The supplemental agreement similarly provides for plaintiff to have "parenting time" with the child, with ex-changes of the child to occur in Connecticut.[6]

Plaintiff's affidavit in opposition to the motion is extremely sparse on the issue of personal jurisdiction. He contends that the "Court *appears* to have ... personal jurisdiction" and again refers to the alleged New York Family Court action, but otherwise does not address the issue save to say—without a shred of support and in the face of the express terms of the agreements—"that defendant's obligations under the agreements between us, principally the Separation Agreement, were to have been performed, fulfilled and/or effectuated in the City and State of New York."[7]

Plaintiff's reference to the New York Family Court action is more circumspect than in the complaint. The complaint alleged that defendant "commenced" such an action.[8] The affidavit, in contrast, says that "[d]efendant filed *or caused to be filed* a Family Court action here" in consequence of which he now makes child support payments to the State of New York.[9] The reason for the change in wording is readily apparent, as defendant quite clearly did not commence any proceeding against plaintiff in the New York Family Court.[10] What happened was quite different.

---

2. *E.g., id.* ¶¶ 8–11 (failure to make the child available in Milford, Connecticut, as required by separation agreement), 13 (limited visitation has "occurred primarily in Connecticut, *not* New York"), 14–15 (failure to make child available in Connecticut for telephone calls), 16 (disparagement of plaintiff over the telephone), 18–20 (failure to provide information concerning the child), 32–33 (alleged misrepresentations to Hartford, Connecticut, Family Court), 34, 37–39, 42 (alleged effort to have plaintiff arrested in Glastonbury, Connecticut).

3. Cpt. ¶ 2.

4. W. Melnick Aff.[docket item 9] ¶ 12.

5. *Id.* Ex. A, § 2.

6. *Id.* Ex. B, §§ 2d, 2e.

7. S. Melnick Aff. [docket item 16] ¶¶ 25–28 (emphasis added); *see also* Senter Aff. [docket item 17] ¶ 12 (plaintiff's companion states that plaintiff never has had visitation in New York).

8. Cpt. ¶ 2.

9. S. Melnick Aff. [docket item 16] ¶ 26 (emphasis added).

10. W. Melnick Reply Aff. [docket item 21] ¶ 5.

Defendant fell into arrears in child support payments. The Support Enforcement Division of the Connecticut Superior Court demanded payment from the plaintiff.[11] Connecticut authorities then pursued the plaintiff in the New York Family Court.[12]

### Discussion

#### A. Personal Jurisdiction

In *Ball v. Metallurgie Hoboken–Overpelt, S.A.*,[13] the Second Circuit made clear that, in the face of a challenge to a district court's personal jurisdiction over a defendant, "the plaintiff's obligation varies depending on the procedural posture of the litigation."[14] Prior to discovery, a plaintiff challenged by a Rule 12(b)(2) motion may defeat the motion by "pleading in good faith legally sufficient allegations of jurisdiction."[15]

"Prior to the holding of an evidentiary hearing, the plaintiff need only make a *prima facie* showing that jurisdiction exists. Where as here, there has been discovery on the issue of [personal] jurisdiction, the plaintiff's *prima facie* showing must include 'an averment of facts that, if credited by the trier, would suffice to establish jurisdiction over the defendant.' The plaintiff cannot rely merely on conclusory statements[16] or allegations; rather, the *prima facie* showing must be 'factually supported.' "[17]

---

**11.** W. Melnick Aff. [docket item 6] ¶ 7 & Ex. D.

**12.** W. Melnick Reply Aff. [docket item 21] ¶ 5; Shapiro Reply Aff. [docket item 22] ¶ 7.

**13.** 902 F.2d 194 (2d Cir.), *cert. denied*, 498 U.S. 854, 111 S.Ct. 150, 112 L.Ed.2d 116 (1990).

**14.** *Id.* at 197.

**15.** *Id.*

**16.** *See Barrett v. United States*, 646 F.Supp. 1345, 1350 (S.D.N.Y.1986); *accord Dardana Ltd. v. Yuganskneftegaz*, No. 00 Civ. 4633(DAB), 2001 WL 1131987, at *2 (S.D.N.Y. Sept.24, 2001); *Coan v. Bell Atl. Sys. Leasing Int'l, Inc.*, 813 F.Supp. 929, 942 (D.Conn.1990); *see also Jazini v. Nissan Motor Co.*, 148 F.3d 181, 184, 185 (2d Cir.1998); *Cornell v. Assicurazioni Generali S.p.A.*, No. 97 Civ. 2262, 2000 WL 1099844, at *1 (S.D.N.Y. Aug.7, 2000) (quoting *Jazini*, 148 F.3d at 185).

**17.** *Yellow Page Solutions, Inc. v. Bell Atl. Yellow Pages Co.*, No. 00 Civ. 5663(MBM), 2001 WL 1468168, at *3 (S.D.N.Y. Nov.19, 2001) (quoting *Ball*, 902 F.2d at 197) (footnote added); *accord Morrison v. N.Y. State Div. for Youth Children & Family Servs.*, No. 98 Civ. 643, 2000 WL 532762, at *1 (S.D.N.Y. Apr.25, 2000); *Gulf Union Ins. Co. Saudi Arabia v. Bella Shipping Co.*, No. 91 Civ. 2814(PKL),

1994 WL 455117, at *2 (S.D.N.Y. Aug.22, 1994).

Certain language from some Second Circuit opinions, if taken out of context, might suggest that no factual support is required on Rule 12(b)(2) motion after jurisdictional discovery but before an evidentiary hearing or trial. *See, e.g., Metro. Life Ins. Co. v. Robertson–Ceco Corp.*, 84 F.3d 560, 567 (2d Cir.) (indicating that, after jurisdictional discovery, but before an evidentiary hearing, " 'the plaintiff's *prima facie* showing, necessary to defeat a jurisdiction testing motion, must include an averment of facts that, if credited by [the ultimate trier of fact], would suffice to establish jurisdiction over the defendant,' " without adding language from *Ball* indicating that factual support is required (quoting *Ball*, 902 F.2d at 197)), *cert. denied*, 519 U.S. 1006, 117 S.Ct. 508, 136 L.Ed.2d 398 (1996); *Kernan v. Kurz–Hastings, Inc.*, 175 F.3d 236, 240 (2d Cir.1999) (same). Without a specific holding on this point, the Court declines to impute to the Second Circuit a view that would require a district court to proceed to an evidentiary hearing or trial on the issue of personal jurisdiction when the plaintiff, with full notice of the nature of the jurisdictional challenge, cannot even demonstrate a genuine issue of material fact on the pertinent issue. Moreover, the Second Circuit recently recognized the distinction between a Rule 12(b)(2) motion attacking the plaintiff's theory of jurisdiction and one attacking the facts supporting the jurisdictional theory. *See Credit Lyonnais*

A *prima facie* case is established if the plaintiff presents sufficient evidence to defeat a motion for directed verdict.[18] In other words, the standard is akin to that on a motion for summary judgment.[19] The pleadings, documents, and other evidentiary materials must be " 'construed in the light most favorable to plaintiff and all doubts are resolved in its favor.' "[20] Thus, once a plaintiff has alleged facts that, if proved, would support jurisdiction, a defendant cannot win a Rule 12(b)(2) motion merely by denying plaintiff's allegations. Rather, the defendant's moving papers must " 'entirely refute the plaintiff's allegations.' "[21]

In this case, defendant's affidavit asserts that she is a resident of Connecticut and, in substance, that she has done nothing in relation to the matters in dispute that possibly could give rise to a claim in New York. The judgment of divorce and the supplemental agreement support these allegations, as they demonstrate that defendant's obligation with respect to affording visitation and "parenting time" was only to make the child available to plaintiff in Connecticut.[22] In these circumstances, the plaintiff is obliged to come forward with evidence creating a genuine issue of fact material to the existence of personal jurisdiction.

Plaintiff's affidavit is long on argument and conclusions but short on evidence. He avers that "this Court *appears* to have . . . personal jurisdiction."[23] But the only facts alleged in support of that argument are that the defendant filed a Family Court action, registered the Connecticut divorce judgment in New York and sought injunctive relief in this action.[24] He then argues—contrary to the language of the separation and supplemental agreements and of his own allegations that defendant breached those agreements by failing to

---

Secs., 183 F.3d at 153; *cf. Distefano v. Carozzi N.A., Inc.*, 286 F.3d 81, 84 (2d Cir.2001) ("Where, as here, a court relies on pleadings and affidavits, rather than conducting a full-blown evidentiary hearing, the plaintiff need only make a *prima facie* showing that the court possesses personal jurisdiction over the defendant. We construe the pleadings and affidavits in the light most favorable to [the plaintiff], resolving all doubts in his favor." (citations and internal quotation marks omitted)). Surely, resolving all doubts in the plaintiff's favor is not the same as blindly crediting all allegations regardless of their factual support. Any rule requiring such blindness would ignore the basic notion that "a motion to dismiss pursuant to [Rule] 12(b)(2) based on lack of personal jurisdiction is 'inherently a matter requiring resolution of factual issues outside the pleadings.' " *Yellow Page Solutions*, 2001 WL 1468168, at *1 (quoting *Pilates, Inc. v. Pilates Inst., Inc.*, 891 F.Supp. 175, 178 n. 2 (S.D.N.Y.1995)); *Jacobs v. Felix Bloch Erben Verlag fur Buhne Film und Funk KG*, 160 F. Sup.2d 722, 731 (S.D.N.Y.2001).

18. 2 James Wm. Moore, Et Al., Moore's Federal Practice § 12.31[5], at 12–47 (3d ed.2000)

(quoting *Cable/Home Communication Corp. v. Network Prods., Inc.* 902 F.2d 829, 855 (11th Cir.1990)).

19. *See Kamen v. Amer. Tel. & Tel. Co.*, 791 F.2d 1006, 1010–11 (2d Cir.1986) (noting that, while Rule 12(b) "speaking" motions may not be converted into a motion for summary judgment, cases under Rule 56 offer guidance in considering evidence outside the pleadings).

20. *Mantello v. Hall*, 947 F.Supp. 92, 96 (S.D.N.Y.1996) (quoting *CutCo Indus., Inc. v. Naughton*, 806 F.2d 361, 365 (2d Cir.1986)).

21. *Id. (quoting Bialek v. Racal–Milgo, Inc.*, 545 F.Supp. 25, 33 (S.D.N.Y.1982)).

22. This is not to say that plaintiff could not properly have taken the child to New York. The point is only that defendant's obligations ended when she made the child available to plaintiff in Connecticut.

23. S. Melnick Aff. [docket item 16] ¶ 25.

24. *Id.* ¶¶ 26–27.

make the child available to him in Connecticut—that the defendant's obligations under the agreements in suit were to have been performed or effectuated, and that the harm complained of by plaintiff occurred, in New York.[25] But these assertions fall considerably short.

N.Y. CPLR § 302(a) provides in relevant part:

"As to a cause of action arising from any of the acts enumerated in this section, a court may exercise personal jurisdiction over any non-domiciliary ... who in person or through an agent:

"1. transacts any business within the state ...; or

\*　　\*　　\*　　\*　　\*　　\*

"3. commits a tortious act without the state causing injury to a person or property within the state, except as to a cause of action for defamation of character arising from the act, if he

"(i) regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in the state, or

"(ii) expects or should reasonably expect the act to have consequences in the state and derives substantial revenue from interstate or international commerce."

The registration of the divorce judgment, the Family Court action, and the motion for injunctive relief in this action afford no basis for personal jurisdiction, as none of plaintiff's claims for relief arise from those acts. The contention that plaintiff has been harmed here invokes Section 302(a), subd. 3, but it fails because

there is not even a suggestion that defendant meets the requirements of Section 302(a), subd.3(i) or (ii). The only assertion that even approaches satisfaction of the statute is the argument that the separation and supplemental agreements were to have been performed in New York. But that contention cannot be taken seriously, as defendant and the child resided in Connecticut at all relevant times and the agreements, insofar as they are relevant, provided only that defendant was to make the child available to plaintiff in Connecticut.[26]

Plaintiff, perhaps recognizing the insufficiency of his showing, argues that "an evidentiary hearing may be required" because defendant "may have greater 'contacts' with [New York] than she has alleged." [27]  But he has alleged no facts supporting this conclusory assertion.

Nor does the fact that no discovery appears to have occurred require any different result. This action was commenced last summer. Nothing has prevented plaintiff from seeking discovery. And while the Rule 12(b)(2) motion is not one for summary judgment, summary judgment practice offers guidance in the handling of such motions when they involve evidence outside the pleadings.[28] Where a party against whom summary judgment is sought contends that discovery is necessary in order to raise a genuine issue of material fact, that party must file a Rule 56(f) affidavit. The affidavit must show:

"(1) what facts are sought to resist the motion and how they are to be obtained, (2) how those facts are rea-

---

**25.** *Id.* ¶¶ 27–28.

**26.** Plaintiff, so far as the record discloses, was free to take the child out of Connecticut. The fact, however, remains that defendant was not obliged to render any performance anywhere but in that state.

**27.** Pl. Mem. 28.

**28.** *Kamen,* 791 F.2d at 1010–11.

sonably expected to create a genuine issue of material fact, (3) what effort affiant has made to obtain them, and (4) why the affiant was unsuccessful in those efforts."[29]

Here, plaintiff has submitted no such affidavit. He has not shown what facts are sought to resist the motion, how they are to be obtained, why they reasonably might be expected to create a genuine issue of material fact, what efforts he has made to obtain them, and why he failed in those efforts. Accordingly, there is no occasion to deny the motion in the vague hope that the plaintiff might turn something up if given another chance.

As plaintiff has failed to adduce evidence of any facts which, if proved, would demonstrate defendant's amenability to the assertion of personal jurisdiction in this district, plaintiff's motion to dismiss, insofar as it rests on Rule 12(b)(2), is granted.

*B. Subject Matter Jurisdiction*

■ Even if plaintiff had made out a *prima facie* showing of personal jurisdiction, this Court would not entertain this action.

Federal jurisdiction in the area of domestic relations, even where diversity of citizenship exists, is limited. Moreover, while a federal court has a "virtually unflagging obligation ... to exercise the jurisdiction given" it,[30] that obligation is not absolute. As the Court of Appeals has written:

"In *Ankenbrandt v. Richards*, 504 U.S. 689, 112 S.Ct. 2206, 119 L.Ed.2d 468 (1992), the Supreme Court reaffirmed the domestic relations exception to federal jurisdiction, holding that this exception 'divests the federal courts of power to issue divorce, alimony, and child custody decrees.' *Id.* at 703, 112 S.Ct. 2206.
* * *

"While the domestic relations exception itself is narrow, *see Williams v. Lambert*, 46 F.3d 1275, 1283 (2d Cir. 1995), it applies generally to issues relating to the custody of minors, *see Hernstadt v. Hernstadt*, 373 F.2d 316, 317 (2d Cir.1967). * * * In addition, this Court has stated that federal courts have discretion to abstain from exercising jurisdiction over issues ' "on the verge" of being matrimonial in nature' as long as full and fair adjudication is available in state courts."[31]

The case for abstention is strong in cases involving a separation agreement where state courts have " 'a continuing power to modify or enforce the agreement';"[32] a claim of interference with custodial rights,

---

29. *See, e.g., Concourse Rehab. & Nursing Ctr., Inc. v. Whalen*, 249 F.3d 136, 146 n. 3 (2d Cir.2001); *Gurary v. Winehouse*, 190 F.3d 37, 43–44 (2d Cir.1999); *Meloff v. New York Life Ins. Co.*, 51 F.3d 372, 375.(2d Cir.1995); *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137–38 (2d Cir.1994); *Hudson River Sloop Clearwater, Inc. v. Dep't of Navy*, 891 F.2d 414, 422 (2d Cir.1989); *Burlington Coat Factory Warehouse Corp. v. Esprit De Corp.*, 769 F.2d 919, 926 (2d Cir.1985) (party seeking discovery under FED.R. CIV. P. 56(f) to oppose summary judgment motion must submit affidavit "showing").

30. *Colorado River Water Conserv. Dist. v. United States*, 424 U.S. 800, 817, 96 S.Ct. 1236, 47 L.Ed.2d 483 (1976).

31. *Mitchell–Angel v. Cronin*, 101 F.3d 108 (table), 1996 WL 107300, at *2 (2d Cir.1996). The Court is mindful of 2d Cir. R. § 0.23 by virtue of which this unpublished decision does not constitute a binding precedent. Nonetheless, the panel's summary of the law is apt. The citation therefore is given as its source.

32. *Minot v. Eckardt–Minot*, 13 F.3d 590, 594 (2d Cir.1994) (quoting *Fay v. South Colonie Cent. Sch. Dist.*, 802 F.2d 21, 32 (2d Cir.1986) (internal quotation marks omitted)).

the scope of which is best developed by state courts;[33] and visitation rights,[34] which implicate factual disputes concerning custody and threaten to embroil the federal courts in matters over which the state courts have continuing supervision.

Plaintiff does not here seek a divorce, alimony or custody decree. The case therefore probably does not come within the domestic relations exception.[35] Nevertheless, the case is "on the verge" of a matrimonial dispute and in any case a paradigmatic one for abstention.

To begin with, plaintiff here seeks damages for alleged breach of the separation and supplemental agreements. The former was incorporated in the judgment of divorce. The latter was "reduced to"[36] and thus is an integral part of an order of the Hartford Family Court. The Connecticut courts have "a continuing power to modify or enforce" both their own decrees and the parties' agreements.[37]

Second, the fourth claim for relief explicitly, and the fifth through eighth in substance, seek relief for tortious interference with custodial rights. As the Second Circuit made clear in *Minot*, the development of "[a] tort doctrine that [would] permit[ ] parents to vindicate their custody rights by obtaining money judgments against alleged transgressors would . significantly change the landscape of custody disputes."[38] Any such development should be led by state courts, "balancing the delicate issues involved here."[39]

Third, the Connecticut courts have been involved in the parties' disputes for years. Indeed, the supplemental agreement, according to the complaint, was brokered by the child's guardian *ad litem* and reduced to a court order.[40] Neither plaintiff's dissatisfaction with the results nor his attacks on the state court judge and local authorities[41] justifies widening this tragic war to include a federal front. The appellate courts of Connecticut are open to him for the correction of any errors that may be made.

Abstention is even more appropriate with respect to the third claim for relief, which alleges fraud in the inducement of the separation and supplemental agreements in that defendant allegedly never

---

**33.** *Minot*, 13 F.3d at 593–94.

**34.** *Neustein v. Orbach*, 732 F.Supp. 333, 339 (E.D.N.Y.1990); *Casaburro v. Daher*, 569 F.Supp. 835, 836 (S.D.N.Y.1983); *Brenhouse v, Bloch*, 418 F.Supp. 412, 415–16 (S.D.N.Y. 1976).

**35.** It perhaps is arguable that the relief he seeks with respect to visitation is sufficiently close to a custody decree to bring the case within the exception. It is unnecessary, however, to decide that issue.

**36.** Cpt. ¶ 24.

**37.** *Minot*, 13 F.3d at 594 (quoting *Fay*, 802 F.2d at 32) (internal quotation marks omitted).

**38.** *Id.*

**39.** *Id.*

In *Minot*, the Circuit relied in part on the undeveloped state of New York law in this area in concluding that abstention was appropriate. As the parties have relied exclusively on New York cases and neither has referred to the law of Connecticut or any other state, much less shown that any such law differs from the law of New York, the Court applies New York law. *See Hannex Corp. v. GMI, Inc.*, 140 F.3d 194, 203 n. 7 (2d Cir.1998) (when both sides argue New York law in their briefs "the parties seem to agree ... that New York law, the law of the forum state, governs [the] claims."); *Tehran–Berkeley v. Tippetts– Abbett–McCarthy–Stratton*, 888 F.2d 239, 242 (2d Cir.1989) ("implied consent to use a forum's law is sufficient to establish choice of law").

**40.** Cpt. ¶¶ 23–24.

**41.** *Id.* ¶¶ 32–46.

had any intention in complying with their visitation provisions. The agreements are incorporated in Connecticut court orders. In attacking the agreements as products of fraudulent inducement, plaintiff in substance is mounting a collateral attack on the judgment and order of the Connecticut courts. The *Rooker–Feldman* doctrine, which forecloses review by lower federal courts of the orders and judgments of state courts,[42] deprives this Court of jurisdiction to consider the viability of those judicial acts of the State of Connecticut. And while the separation agreement and, perhaps, the supplemental agreement have some life as contracts, independent of the judicial decrees, the policies underlying the *Rooker–Feldman* doctrine counsel strongly against this Court entertaining an attack on the agreements as contracts, as any result inevitably would have implications for the decrees of Connecticut courts.

*Conclusion*

For the foregoing reasons, defendant's motion to dismiss and for other relief is granted to the extent that the action is dismissed for lack of personal jurisdiction. Even if the Court had personal jurisdiction, it would abstain from deciding this action and remand it to the New York Supreme Court, New York County, whence it was removed. The motion for sanctions is denied.

SO ORDERED.

---

**42.** The *Rooker–Feldman* doctrine embodies the principle that "among federal courts, only the Supreme Court has subject matter jurisdiction to review state court judgments." *Johnson v. Smithsonian Inst.*, 189 F.3d 180, 185 (2d Cir.1999) (citing *District of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 103 S.Ct. 1303, 75 L.Ed.2d 206 (1983)); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 44 S.Ct. 149, 68 L.Ed. 362 (1923); *Hachamovitch v. DeBuono*, 159 F.3d 687, 693–94 (2d Cir.1998).